UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____
                                                        :
Aaron L. Espenscheid,                          :
Gary Idler, and Ricardo Bolano,          :
on behalf of themselves and a            :
class of employees and/or                  :
former employees similarly situated, :   Case No. 09-cv-625
                    Plaintiffs,                     :
                                                        :
               v.                                      :
                                                        :
DirectSat USA, LLC and UniTek, USA, :
                    Defendants.                 :
_____:

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR COSTS AND ATTORNEYS' FEES PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 41(d)**

Defendants DirectSat USA, LLC ("DirectSat") and UniTek USA, LLC ("UniTek") (jointly, "Defendants"), through their undersigned counsel, hereby submit this Memorandum of Law in support of their Motion for Costs and Attorneys' Fees pursuant to Federal Rule of Civil Procedure 41(d).

**I.     INTRODUCTION**

On February 3, 2010, named Plaintiffs Ricardo Bolano and Gary Idler, along with initial named Plaintiff Aaron Espenscheid, filed their Amended Complaint in response to Defendants' Motion to Transfer or, alternatively, to Dismiss Plaintiffs' State Law Claims. (Am. Compl. Caption, ¶¶ 9-16.) Curiously, Plaintiffs Bolano and Idler have already asserted the exact claims that they raise in this action against the same Defendants in previously-filed, but voluntarily dismissed actions in the Eastern District of Pennsylvania and the District of Minnesota,

respectively. (*See* Exs. A-D.)[1] Therefore, under Rule 41(d), by filing the instant action after having already dismissed identical actions that were filed in sister courts, Plaintiffs Bolano and Idler are responsible for paying the litigation costs, including attorneys' fees, incurred by Defendants in their defense of the previous actions. Indeed, Plaintiffs' blatant forum shopping precipitated the voluntary dismissal of the Pennsylvania and Minnesota actions of which Defendants learned on the very same day, and Rule 41(d) now requires that Plaintiffs Bolano and Idler pay for their respective manipulations of the Federal Rules. Accordingly, this Court must grant Defendants' Motion and award Defendants the amounts expended by them including attorneys' fees in the defense of the previously-filed, but voluntarily dismissed actions in Pennsylvania and Minnesota.[2]

## II. ARGUMENT

Federal Rule of Civil Procedure 41(d) provides:

(d) COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
    (1) may order the plaintiff to pay all or part of the costs of that previous action; and
    (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. Pro. 41(d). The purpose of Rule 41(d) is to prevent forum shopping and vexatious litigation by requiring plaintiffs to shoulder the costs, including attorneys' fees, incurred by defendant(s) to defend against the previously-filed action(s). *See New Phone Co. v. New York City Dept. of Information Tech. & Telecomm.*, 2007 WL 2908110, *16 (E.D.N.Y. Oct. 5, 2007) (reminding that Rule 41(d) is aimed at preventing "forum-shopping within the federal court

---

[1] These exhibits are attached to Defendants' Motion to Transfer and/or Dismiss, which was filed contemporaneously herewith. To avoid attaching duplicative and voluminous exhibits and for the Court's convenience, Defendants incorporate herein Exhibits A-D of their Motion to Transfer and/or Dismiss.

[2] Within five days of this Court granting this Motion, Defendants will present the Court with evidence establishing the costs, including attorneys' fees, incurred to defend the Pennsylvania and Minnesota actions.

system and serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed" (internal quotation and alterations omitted)); *Siepel v. Bank of Am.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006) (stating that an "award of costs under Rule 41(d) is intended to deter forum shopping and vexatious litigation"); *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (same).

While there is no doubt that the respective dismissals in Pennsylvania and Minnesota by Plaintiffs Bolano and Idler were the product of forum shopping, all that Defendants must establish to recover under Rule 41(d) is that Plaintiffs Bolano and Idler (1) voluntarily dismissed their respective prior actions, and (2) asserted a second action "based on or including the same claim against the same" Defendants as in the previous actions. Fed. R. Civ. Pro. 41(d); *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000); *Siepel*, 239 F.R.D. at 563.

Defendants need not show that Plaintiffs acted in bad faith, and a showing of good faith is **not** a defense. *Esposito*, 223 F.3d at 499 (noting that the inability to pay "does not allow [a plaintiff] to side-step the dictates of Rule 41"); *Esquivel*, 913 F. Supp. at 1388 (reminding that defendants need not show bad faith to recover under Rule 41(d)). Once Defendants have made this showing, they are entitled to recover costs and attorneys' fees incurred in defending the previously-filed actions.[3] *See Esposito*, 223 F.3d at 499 (affirming award of attorneys' fees as part of Rule 41(d) recovery); *Siepel*, 239 F.R.D. at 563-64 (recognizing that Eighth Circuit had awarded attorney fees under Rule 41(d) and awarding attorney fees accordingly); *New Phone Co.*, 2007 WL 2908110, at *16 (same); *Esquivel*, 913 F. Supp. at 1389-90 (analyzing Rule 41(d),

---

[3] Rule 41(d) also authorizes the Court to stay the proceedings until the liable plaintiff(s) has complied with Rule 41(d). Defendants, however, are not asking the Court to stay this action at this time. As Defendants expressed above and as is evidenced by their seeking an expedited briefing schedule for their Motion to Transfer and/or Dismiss, Defendants are interested in having this Court adjudicate their instant Motion so that the other substantive issues can be decided by the Court that will ultimately preside over this action. Should Plaintiffs not comply with the award entered by this Court within a reasonable period of time, however, Defendants reserve their right to move for stay at that time.

3

acknowledging "substantial" case law in support of awarding attorneys' fees, and concluding that attorneys' fees are recoverable under Rule 41(d)); *Behrle v. Olshansky*, 139 F.R.D. 370, 374-75 (W.D. Ark. 1991) (same).

### A.    Plaintiff Bolano

On July 28, 2008, Plaintiff Bolano commenced an action captioned *Moore, et al. v. DirectSat USA, LLC, et al.*, Doc. No. 08-03552 (E.D. Pa.). (*See* Ex. B, Docket Sheet for *Moore* Action, Document No. 1.) In *Moore*, Plaintiff Bolano, *inter alia*, asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Con. Stat. §§ 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA").[4] (Ex. D, *Moore* Am. Compl. ¶¶ 10, 132, 139-40, 153-55, 138-51 (Count I, FLSA violation) 152-55, (Count II, FLSA violation), 156-68 (Counts III-V, PMWA & PWPCL violations).) In addition, Plaintiff Bolano, and the other *Moore* named plaintiffs, sought to bring the claims on behalf of a nationwide class of installation technicians.

In *Moore*, DirectSat filed a comprehensive Motion to Dismiss (which the Court granted as to Plaintiff Bolano's state law claims), answered the plaintiffs' Amended Complaint, and prosecuted a cross-claim for indemnification that was premised on the actions alleged (and then, *inter alia*, abandoned) by Plaintiff Bolano. (*See* Ex. B, Document Nos. 6, 19, 22, 43, 46-47.) DirectSat also engaged in extensive written discovery while preparing to defend against a purported nationwide collective action that embraced the same class of individuals and the same alleged claims at issue in the instant case.

On November 17, 2009, just days after this action was filed, Plaintiff Bolano and the other named plaintiffs in *Moore* filed a motion to voluntarily dismiss their claims. (*Id.*

---

[4] In this matter, these same claims are raised as Counts I-II, VII & VIII. (*See* Am. Compl. ¶¶ 56-61, 76-83.)

4

Document No. 61.) The *Moore* Court granted that motion over DirectSat's objections on November 30, 2009. (*Id.* Document No. 64.)

As DirectSat predicted, and in contravention of Rule 41(d), Plaintiff Bolano has now resurfaced to assert identical claims against DirectSat. (*See* Am. Compl. *passim*.) By voluntarily withdrawing the *Moore* action after causing DirectSat to incur substantial fees and costs to assert the same claims as a named Plaintiff in this case, Plaintiff Bolano is seeking the proverbial "second-bite at the apple" in a forum that he apparently perceives as more favorable. This procedural gamesmanship is a quintessential example of forum shopping, and any assertion to the contrary will ring hollow.

Significantly, Plaintiffs' claims raised in this action are the same as and are based on those claims raised by, *inter alia*, Plaintiff Bolano in *Moore*. (*See* Ex. D); *see also* Fed. R. Civ. Proc. 41(d). Moreover, Plaintiff Bolano is asserting these identical claims against DirectSat in this action, just as he did in *Moore*. Thus, DirectSat has established the two elements necessary to trigger Rule 41(d) liability. *See* Fed. R. Civ. Proc. 41(d). Therefore, pursuant to Rule 41(d), Plaintiff Bolano is liable to DirectSat for its costs including attorneys' fees incurred in defending against the claims in *Moore*. *See Siepel*, 239 F.R.D. at 563-64 (awarding costs and attorney fees totaling approximately one million dollars where plaintiffs were engaged in calculated "forum shopping"). Accordingly, this Court must grant Defendants' instant Motion.

B.     **Plaintiff Idler**

Plaintiff Idler was a named plaintiff in *Braniff, et al. v. DirectSat USA, LLC and UniTek USA, LLC*, Doc. No. 09-02168 (D. Minn.), which he filed in the District of Minnesota on August 19, 2009. (*See* Ex. A, Docket Sheet for *Braniff* Action at Document No. 1.) In *Braniff*, Plaintiff Idler and the other named plaintiffs asserted FLSA and parallel state law claims against DirectSat

and UniTek.[5]  (*See* Ex. C, *Braniff* Compl. ¶¶ 11-17, 18-23 (Count I, FLSA violation), 25-28 (Count II, MFLSA violation), 29-33 (Count III, meal and rest break violations).)  Similar to Plaintiff Bolano in *Moore*, the *Braniff* plaintiffs sought to represent the exact same group of employees that Plaintiff Idler claims are similarly situated in this action.  Plaintiff Idler's claims in *Braniff* were premised, as are the claims here, upon DirectSat's and UniTek's alleged failure to pay installation technicians for all of the time they allegedly worked.

In *Braniff*, Defendants prepared a comprehensive Motion to Dismiss the claims, which was filed on October 5, 2009.  Not long thereafter and just days after this action was filed, Plaintiff Idler, and his co-named plaintiffs, voluntarily dismissed that action.  (*See* Ex. A, Document No. 20.)  That dismissal came within a week of the dismissal in *Moore* action, and plaintiffs' counsel for Plaintiffs Bolano and Idler informed the undersigned counsel of their intention to voluntarily dismiss the actions during a two-day span in November.

Like Plaintiff Bolano, Plaintiff Idler has now reappeared as a named Plaintiff in this action, asserting claims identical to those he originally raised in Minnesota against the same parties he sued in that previous action.  Just like Plaintiff Bolano, Plaintiff Idler decided that for some yet unknown reason that proceeding in this District, as opposed to asserting the same claims against the same defendants in a separate district, was advantageous.[6]  Again, Plaintiffs' decision to voluntarily dismiss the claims in Minnesota to assert the same claims here is blatant and premeditated forum shopping.  Thus, pursuant to Rule 41(d), DirectSat and UniTek are entitled to costs, including attorneys' fees, and this Court must grant Defendants' instant Motion.

---

[5] In this action, those same claims are raised in Counts I-II, V, & VI. (Am. Compl. ¶¶56-61, 68-75.)

[6] It is worth noting that had *Moore* not been voluntarily dismissed, this action (along with *Braniff*) would have been in all likelihood transferred to the Eastern District of Pennsylvania under the first-filed doctrine.  Likewise, if only the *Moore* action were dismissed, this action would have been in all likelihood transferred to the District of Minnesota under the same doctrine.  Thus, dismissal of the previously-filed and patently congruent actions in Pennsylvania and Minnesota was the only way for this action to proceed in this district.

III.   CONCLUSION

Plaintiffs Bolano's and Idler's dismissal of their previously-filed lawsuits evidences Plaintiffs' improper forum shopping, which resulted in the filing of the Amended Complaint in this District. The Federal Rules, however, impose a pecuniary burden upon Plaintiffs who engage in such procedural gamesmanship. That cost is enforced through Rule 41(d) and requires, without exception, that Plaintiffs who voluntarily dismiss an action only to reassert the same claims against the same parties in a separate action bear the costs, including attorneys' fees, incurred in the defense of the first-filed action. Here, Plaintiffs Bolano and Idler have clearly violated Rule 41(d), and, consequently, they are required to bear the financial burden of their improper forum shopping. This Court, which must not condone such misconduct, must grant Defendants' Motion for Costs and Attorneys' Fees pursuant to Federal Rules of Civil Procedure 41(d).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ John P. Elliott* |
| OF COUNSEL: | Eric J. Bronstein |
|  | John P. Elliott |
| ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C. | Colin D. Dougherty |
|  | Gregory S. Voshell |
|  | Union Meeting Corp. Ctr. |
|  | 925 Harvest Dr., Suite 300 |
|  | Blue Bell, PA 19422 |
|  | (215) 977-1000 |
|  |  |
|  | Laura Skilton Verhoff |
|  | Drew J. Cochrane |
|  | Stafford RosenBaum LLP |
|  | 222 W. Washington Ave., Suite 900 |
|  | Madison Wisconsin 53701-1784 |
|  | (608) 256-0226 |
|  |  |
|  | Attorneys for Defendants |
| DATED: February 12, 2010 | DirectSat USA, LLC and UniTek USA, LLC |

**CERTIFICATE OF SERVICE**

I, John P. Elliott, hereby certify that on this date I caused the forgoing to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Michael John Luebke
Robert Gingras
Gingras, Cates & Luebke, S.C.
8150 Excelsior Dr.
Madison, WI 53717
Attorney for Plaintiffs
Aaron L. Espenscheid

Michael J. Modl
Timothy D. Edwards
Axley Brynelson, LLP
P.O. Box 1767
Madison, WI 53701
Attorney for Plaintiffs
Aaron L. Espenscheid

*/s/ John P. Elliott*
John P. Elliott

DATED:  February 12, 2010