## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| _____ | : | |
| **Aaron L. Espenscheid, *et al.*, on behalf of** | : | |
| **themselves and a class of employees** | : | |
| **and/or former employees similarly** | : | |
| **situated,** | : | **Case No. 09-cv-625** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DirectSat USA, LLC,** | : | |
| **DirectSat USA, and UniTek, USA,** | : | |
| **Defendants.** | : | |
| _____ | : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR COSTS AND ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(d)

Defendants DirectSat USA, LLC and UniTek USA, LLC (jointly, "Defendants"), by and through their undersigned counsel, submit this Reply Brief in Support of their Motion for Costs and Fees pursuant to Federal Rule of Civil Procedure 41(d).

### I.      INTRODUCTION

Defendants have moved this Court for costs and fees pursuant to Federal Rule of Civil Procedure 41(d) because Plaintiffs Idler and Bolano admittedly dismissed previously filed actions against Defendants and then re-filed those same actions in this forum.  Despite the routine nature of the Rule 41(d) analysis, Plaintiffs have responded with a scattershot of arguments.  These arguments are properly classified as falling into two categories: (1) arguments disclaiming liability and (2) arguments mitigating liability.  Defendants will address each argument *in seriatim*.

## II.   ARGUMENT

### A.   Plaintiffs' Arguments Disclaiming Liability

Plaintiffs concede that Idler and Bolano previously filed and then dismissed parallel actions that fall within the scope of Rule 41(d).  Plaintiffs, however, argue that because the previous dismissals were without prejudice, somehow Rule 41(d) does not apply.  Pls.' Br. at 5-7.  This argument ignores the text of Rule 41(d).  Rule 41(d) applies regardless of whether the previous dismissal was with or without prejudice.  The rule simply states that "if a Plaintiff who previously **dismissed** an action in any court files an action based on or including the same claim against the same Defendant," that Plaintiff is liable under Rule 41(d).   (emphasis added).  Numerous courts have applied Rule 41(d) where the dismissal triggering liability under Rule 41(d) was granted without prejudice, and Plaintiffs have not offered any authority to the contrary.[1]  *See New Phone Co. v. New York City Dept. of Information Tech. & Telecomm.*, 2007 WL 2908110, *16 (E.D.N.Y. Oct. 5, 2007) (stating that "even where a dismissal by a plaintiff is a matter of right under [Rule] 41(a), expenses may be imposed pursuant to [Rule] 41(d) should the suit be reinstituted."); *see also Siepel v. Bank of Am.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006) (awarding costs and fees after numerous voluntary dismissals without prejudice); *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (same).   Thus, Plaintiffs' manufactured distinction between dismissals with and without prejudice runs contrary to the express terms of Rule 41(d) and, consequently, falls flat.[2]

---

[1] Plaintiffs argue that *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000), stands for the proposition that only dismissals with prejudice are subject to Rule 41(d).  The *Esposito* court, however, never ruled in such a manner.  The fact that *Esposito* involved a previous dismissal with prejudice does not lead to the conclusion that only dismissals with prejudice are subject to the rule.  Rather, the *Esposito* court merely addressed the facts before it.

[2] Plaintiffs do not engage in any analysis of the text of Rule 41(d). When focusing on the language, it is clear that Rule 41(d) is not limited to dismissals with prejudice.  Rule 41(d) employs the word "dismissal" without any qualifying language—*i.e.*, the drafters did not include the phrase "with prejudice" or "without prejudice" to qualify the meaning of "dismissal."  In other portions of Rule 41, however, the drafters did include such phrases to qualify

Plaintiffs next argue that the Pennsylvania and Minnesota courts that granted Bolano and Idler dismissal were in the best position to decide the terms of those dismissals.  (Pls.' Br. at 7) This argument misses the mark.  While the Pennsylvania and Minnesota courts were in the best position to determine the terms of the **dismissals**, Rule 41(d) applies where, **after dismissal**, a plaintiff re-files a parallel action in another court.  The Pennsylvania and Minnesota courts, which, quite significantly, relinquished jurisdiction upon dismissal, had no occasion to consider an after-judgment re-filing in another court.[3]  Post-judgment re-filings fall within the province of Rule 41(d) (not Rule 41(a) or (b)) and within the jurisdiction of the Court overseeing the later-filed action, **not** the Court that initially exercised jurisdiction over the first-filed matter.[4]

For this same reason, Plaintiffs' reliance on *White v. Telelect, Inc.*, 109 F.R.D 655 (S.D. Miss. 1986), is misplaced.  In *White*, after the plaintiff's case was transferred, but **before it was dismissed**, the plaintiff filed a second (and substantially similar) action in another district.  After filing this second action, the plaintiff moved to voluntarily dismiss the first-filed action.  Thus, unlike this case, the first-filed action was not dismissed prior to re-filing of a second case.

---

the meaning of the word "dismissal." *See, e.g.*, Rule 41(a)(2).  The inclusion of such qualifying language in certain subparts of Rule 41 evidences the drafter's intent to exclude such limitations in Rule 41(d).  Indeed, if the drafters intended to limit Rule 41(d), they could have done so in the same manner that they limited "dismisals" in other subparts of Rule 41.

Nonetheless, Defendants have attached to this Motion as Exhibits "A" and "B" to the Affidavit of John P. Elliott the orders dismissing the Minnesota and Pennsylvania actions.  As this Court will see, the orders address only matters that happened prior to dismissal and that such orders do not address the effects of actions taken after the dismissal.

[3] Plaintiffs also intimate that by stipulating to the dismissal in Minnesota, Defendants have somehow undermined their Rule 41(d) argument.  Pls.' Br. at 7.  Defendants, in reality, had no basis for declining to stipulate—indeed, Defendants had filed a motion to dismiss seeking to precise relief that the plaintiffs offered to deliver voluntarily.  Moreover, under Rule 41(a), the Minnesota plaintiffs had the absolute right to voluntarily dismiss their action, as Defendants had not yet answered the Complaint.  Moreover, while Defendants had caught-on to the behind-the-scenes coordination between counsel in Wisconsin, Minnesota, and Pennsylvania, Defendants were not aware and could not expect that Plaintiff Idler would re-file his action via an Amended Complaint here.  By re-filing his previously dismissed action, Plaintiff Idler triggered liability under Rule 41(d).

[4] While the likelihood of a plaintiff re-filing their action in another jurisdiction is relevant to whether a dismissal should be with or without prejudice, until a later action is filed **after** dismissal of the first action, Rule 41(d) liability cannot lie.  Therefore, it was not until Plaintiffs' filed their Amended Complaint that they triggered application of Rule 41(d).  This issue **could not** have been before the Pennsylvania or Minnesota Courts.

Accordingly, Rule 41(d) did not apply.  *Id.* at 656 (noting that Rule 41(d) contemplates a "specific sequence of events" that was not at issue in *White*).  Here, contrary to Plaintiffs' assertion and contrary to the procedural history in *White*, Bolano and Idler had not re-filed their action prior to dismissal of their respective matters in Pennsylvania and Minnesota.  Instead, Plaintiffs Bolano and Idler did not re-assert their actions until they filed their superseding Amended Complaint in this matter, which occurred **after** they had previously dismissed their claims in Pennsylvania and Minnesota.  *Cf. Groom v. Bank of Am.*, 2010 WL 627564, *2 (M.D. Fla. Feb. 23, 2010) (stating that "the circumstances resulting in the Rule 41(d) sanctions were entirely within the control of the fourteen Plaintiffs and their counsel, who are masters of their claims").  Therefore, Plaintiffs' reliance on *White* is misplaced and their argument is flawed, as the argument is directed incorrectly at actions that occurred **prior** to dismissal, not actions that occurred **after** dismissal.

In their final attempt to avoid liability under Rule 41(d), Plaintiffs argue that their "good faith" in dismissing their action justifies the denial of Defendants' Motion.  Plaintiffs rely solely on *United Transportation Union v. Maine Cent. R.R. Co.*, 107 F.R.D. 391, 392 (D.C. Me. 1985).  In *United*, the plaintiff dismissed an action after realizing that the court did not have jurisdiction or venue.  *Id.* at 393.  Here, unlike *United*, Plaintiffs dismissed their actions in Pennsylvania and Minnesota not because of jurisdictional defects, but rather because of the perceived advantages that this forum offers to plaintiffs.  In other words, Plaintiffs were forum shopping.  Defendants do not argue that forum shopping, standing alone, is inherently impermissible—however, forum shopping carries certain consequences.  Here, the consequence is that by re-filing a previously dismissed action, Plaintiffs Idler and Bolano are liable for costs and fees under Rule 41(d).[5]

---

[5] Plaintiffs—as they have done in previous filings—emphasize the importance of the statute of limitations.  This stance is ironic, given that by filing this action, plaintiffs further delayed conditional certification, thereby

In response to this argument, Plaintiffs make the rather surprising assertion that they are not forum shopping. Pls.' Br. at 9. This argument ignores the procedural history that led to the selection of this forum and is wholly undercut by the fact that this "argument" is sandwiched between a paragraph highlighting the perceived benefits of this forum and a sentence explaining that Plaintiffs' selected this forum due to its "expeditious calendar." *Id.* Moreover, Plaintiffs' forum shopping argument sidesteps the previous applicability of the first-filed doctrine. The first-filed doctrine is a well-established rule of federal comity that permits a court to decline jurisdiction when a parallel action has been filed in another district. Because both the Pennsylvania and the Minnesota actions are substantively the same as this action and because both were filed before this action, in order for this action to avoid the likely application of the first-filed doctrine, Plaintiffs needed to dismiss **both** the Pennsylvania and Minnesota actions in order to remain in this jurisdiction.[6] Thus, it is disingenuous for Plaintiffs to argue that they were not forum shopping, as they methodically removed several then-existing impediments to their ability to proceed in this forum. *See also* Pls.' Br. Opp'n Defs.' Mot. Trans., Document No. 53, at 19 (admitting forum shopping and describing reasons for doing so).

Likewise, it is misleading to suggest that the Pennsylvania plaintiffs had "really no choice but to seek voluntary dismissal" after **their own** counsel informed the Court that he would not move for conditional certification.[7] Pls.' Br. at 11. While this notice confirmed that the

---

postponing the potential opt-in period for potential plaintiffs. In fact, Idler and Bolano abandoned their previous claims, and the statute of limitations protections that they were afforded in those cases, solely to raise there claims in what they perceive to be a more favorable jurisdiction.

[6] Plaintiffs claim that they are responsible for consolidating these three actions in this forum. This self-serving request for adoration ignores the impact of the first filed doctrine, which would have had the practical effect of consolidating all three actions in the first-filed jurisdiction. Thus, contrary to Plaintiffs' suggestions, three actions were not going to proceed simultaneously regardless of whether Plaintiffs' precipitated the dismissals of the Pennsylvania and Minnesota actions.

[7] Defendants are somewhat skeptical of the timing of counsel's revelation in the Pennsylvania action as it occurred after this matter was filed. Prior to this filing, counsel in the Pennsylvania action never waivered in his intent to file

Pennsylvania action would not proceed as a collective action under the FLSA, the individual Plaintiffs (including Bolano) who were named in the Complaint were already part of the case. The FLSA permits individual actions or actions brought by groups of named plaintiffs. *See* 29 U.S.C. § 216(b). Thus, while collective treatment was no longer an issue, the case was set to proceed on an individual basis. The only individuals affected by the Pennsylvania plaintiffs' decision to withdraw their collective certification request are individuals who were not already part of the action and those individuals did not even have the authority to seek voluntary dismissal of the Pennsylvania action.

Finally, Plaintiffs attempt to minimize their rather apparent forum shopping by arguing that Defendants are actually the party engaged in forum shopping. As Defendants explained in their Motion to Transfer, pending at Doc. No. 46, Defendants seek to proceed with this action in the forum that is most convenient for the parties and witnesses, which is far different from choosing a venue—in which no named Plaintiffs reside—due to perceived advantages related to the merits of an action. Plaintiffs try to overcome Defendants' argument by claiming that "hybrid" actions are not permitted in certain jurisdictions, including the Eastern District of Pennsylvania. Even assuming the truth of this assertion, precluding a "hybrid" action does not bar plaintiffs from asserting state law claims in a separate action. For example, even when Plaintiff Bolono's state law claims were dismissed in the Pennsylvania matter, they were dismissed without prejudice, thereby permitting Plaintiff Bolono to re-file his state law claims in state court (or, in federal court if Bolono could establish jurisdiction). Thus, Plaintiffs' "hybrid" actions argument paints an incomplete picture and impermissibly implies that preclusion of "hybrid" actions is tantamount to an adjudication on the merits.

Accordingly, Plaintiffs' attempts avoid the plain and express language of Rule 41(1) are

---

for collective treatment.

unavailing.   Put simply—Plaintiffs Bolono and Idler **dismissed** claims against Defendants in different jurisdictions and then **re-filed** those same claims here.  *See Groom*, 2010 WL 627564, at *2 (reasoning that the plaintiffs' "efforts to rationalize the prejudicial impact of their conduct [were] not persuasive and will not enable them to circumvent the consequences of their actions, including the application of Rule 41(d)").   These are the only prerequisites to Rule 41(d) and both are met.  Therefore, this Court must find that Plaintiffs have violated Rule 41(d) and award Defendants costs and fees accordingly.

### B.   <u>Plaintiffs' Mitigation Arguments</u>

Plaintiffs set forth three arguments aimed at mitigating their liability: (1) Plaintiffs are unable to pay Defendants costs; (2) Defendants can use work previously completed in the other actions here; and (3) Attorneys' fees are not recoverable as part of costs under Rule 41(d).  These arguments fail.

First, Plaintiffs claim they in all likelihood are unable to pay any award that this Court orders.  This argument, however, has already been rejected by the Seventh Circuit.  In *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000), the Seventh Circuit reasoned that a plaintiff's inability to pay "does not allow [that plaintiff] to side-step the dictates of Rule 41."  As explained in *Esposito*, even if Plaintiffs Idler and Bolano are unable to pay—which Plaintiffs have not attempted to prove—such an inability is to no avail.  Accordingly, *Esposito* wholly undermines Plaintiffs first argument.

Next, Plaintiffs argue that Defendants are not entitled to recover their full costs and fees because some unspecified portion of such a recovery represents work Defendants can use in this matter.  This argument ignores both the plain language of Rule 41(d) and the factual history of the Minnesota and Pennsylvania actions.  First, Rule 41(d) does not contain any language that

restricts or otherwise limits Defendants' recovery.   Further, even if this Court considers the alleged "transferability" of work to this action, Plaintiffs paint an incomplete picture of the work Defendants performed in the Minnesota and Pennsylvania actions.

In Minnesota, Defendants filed a Motion to Transfer and/or Dismiss the plaintiffs' claims.  Contrary to Plaintiffs' depiction of this Motion, however, the Minnesota Motion differed markedly from the Motion to Transfer and/or Dismiss that Defendants filed in this forum.  *See* Aff. of John P. Elliott at Ex. C, Defs.' Mot. Trans. and/or Dismiss in Minnesota.   Most significantly, Defendants did not move to transfer pursuant to 28 U.S.C. § 1404 in Minnesota as they have here.   Instead, Defendants sought transfer or dismissal pursuant to the first-filed doctrine, as the Pennsylvania action was, at the time Defendants filed their motion, still a putative collective action.  *Id.* at 6-15.   Now that Plaintiffs have admittedly precipitated the dismissal of both the Pennsylvania and Minnesota actions, the first filed argument is moot and can not be employed in this action.  Moreover, while the Motion to Dismiss in Minnesota raised some of the same issues raised in the pending Motion to Dismiss in this Court, the arguments were premised on supplemental jurisdiction.  *Id.* at 16-24.   Those arguments are not available here, as Plaintiffs' have filed their claims pursuant to the Class Action Fairness Act.  *Id.* at 22-24 (arguing that court should decline supplemental jurisdiction because state law claims predominated federal claims).

Likewise, in Pennsylvania, Defendants' Motion included similar supplemental jurisdiction arguments that can not be raised here.  *See* Aff. of John P. Elliott at Ex. D, Defs.' Mot. Dismiss in Pennsylvania.   Additionally, the Motion to Dismiss addressed an unjust enrichment claim and a records-keeping claim, neither of which are raised in this action. Moreover, Defendants litigated the Pennsylvania action for many months, during which, among

other things, Defendants appeared in court, issued and responded to written discovery, and litigated indemnification claims against co-Defendants. Plaintiffs assert that any discovery conducted can simply be translated to this case, but this argument ignores the independent transactional costs associated with pulling documents responsive to specific requests, numbering such documents, and re-sending the same to Plaintiffs (*i.e.*, Defendants can not simply forward Plaintiffs the discovery produced in a previous litigation). Thus, while some of the documents no-doubt overlap, the costs incurred in disclosing those documents do not.[8]

Thus, Plaintiffs' argument is built on the fallacy that identical claims result in identical work. As Defendants have demonstrated, such an argument falls flat when reviewing the actual work performed in the previous actions and when considering the fact that transactional costs can not be avoided merely because Plaintiffs say they can. Accordingly, this Court must disregard Plaintiffs' argument and award Defendants full costs.

Regarding attorney fees, the *Esposito* Court reasoned that "awarding fees as part of costs advances the purpose of Rule 41(d) which is to deter forum shopping and vexatious litigation." 223 F.3d at 501. The *Esposito* Court held that Rule 41(d) does authorize the recovery of attorneys' fees in situations where "the underlying statute that is the basis of the original action permits the recovery of fees as costs." *Id.* Under the FLSA, the plaintiff must pay the defendants' fees where the plaintiff's action was frivolous, unreasonable, or without foundation or where the plaintiff proceeded in bad faith. *See, e.g., E.E.O.C. v. O & G Spring & Wire Forms Specialty Co.*, 38 F.3d 872, 883-84 (7th Cir. 1994); *Reed v. Livingston Auto Ctr., Inc.*, 146 F. App'x 93, 94 (9th Cir. 2005) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Mach v. Will County Sherriff*, 580 F.3d 495, 501 (7th Cir. 2009). Here,

---

[8] As Defendants noted in their previous Memorandum, Defendants will submit a detailed affidavit setting forth the costs and fees incurred the defending the previous actions should this Court grant the instant Motion.

Plaintiffs' unabashed forum shopping evidences their bad faith. In Pennsylvania, the plaintiffs dismissed their case after suffering a legal setback and in Minnesota the plaintiffs dismissed their case prior to suffering an impending legal setback. In the meantime, Defendants incurred fees defending these actions, unaware that behind-the-scenes negotiation would, in practical effect, re-start the proceedings under different precedent in a different district. This forum shopping was done for the sole purpose of finding a jurisdiction that Plaintiffs believe to be favorable, both procedurally and substantively, and to circumvent unfavorable rulings in other jurisdictions. *See Mach*, 580 F.3d at 501 (reminding that "bad faith" "may occur beyond the filing of the case and may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation" (internal quotation omitted)). Accordingly, Plaintiffs' own actions evidence their bad faith and their vexatious approach to this litigation.[9] *Id.* ("Courts have used phrases such as harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim."). Thus, recovery of attorneys' fees is permissible under both the FLSA and Rule 41(d) and warranted here.

---

[9] Numerous courts have granted fees where blatant forum shopping was present. *See, e.g., Groom v. Bank of Am.*, 2010 WL 627564, *2-3 (M.D. Fla. Feb. 23, 2010); *Siepel v. Bank of Am.*, 239 F.R.D. 558, 563-64 (E.D. Mo. 2006); *Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, 2007 WL 2320672, *3 (D. Haw. Aug. 10, 2007); *Blauinsel Stiftung v. Sumitomo Corp.*, 2001 WL 1602118, *9-10 (S.D.N.Y. Dec. 14, 2001); *New Phone Co. v. New York City Dept. of Information Tech. & Telecomm.*, 2007 WL 2908110, *16 (E.D.N.Y. Oct. 5, 2007); *Esquivel v. Arau*, 913 F. Supp. 1382, 1389-90 (C.D. Cal. 1996); *Behrle v. Olshansky*, 139 F.R.D. 370, 374-75 (W.D. Ark. 1991).

### III.     CONCLUSION

For the forgoing reasons and for those set forth in Defendants' Motion, this Court should grant Defendants' Motion and award Defendants costs and fees pursuant to Rule 41(d).   This Court should also award Defendants fees and costs incurred in litigating Plaintiffs' legally deficient attempts to avoid the clear mandates of Rule 41(d).

Respectfully submitted,

*/s/ Colin D. Dougherty*

OF COUNSEL:

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

Eric J. Bronstein
John P. Elliott
Colin D. Dougherty
Gregory S. Voshell
Union Meeting Corp. Ctr.
925 Harvest Dr., Suite 300
Blue Bell, PA 19422
(215) 977-1000

Laura Skilton Verhoff
Drew J. Cochrane
Stafford RosenBaum LLP
222 W. Washington Ave., Suite 900
Madison Wisconsin 53701-1784
(608) 256-0226

Attorneys for Defendants

DATED:  March 5, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused the forgoing to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Michael John Luebke
Robert Gingras
Gingras, Cates & Luebke, S.C.
8150 Excelsior Dr.
Madison, WI 53717
Attorney for Plaintiffs
Aaron L. Espenscheid

Michael J. Modl
Timothy D. Edwards
Axley Brynelson, LLP
P.O. Box 1767
Madison, WI 53701
Attorney for Plaintiffs
Aaron L. Espenscheid

*/s/ Colin D. Dougherty*
COLIN D. DOUGHERTY

DATED:  March 5, 2010