IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON L. ESPENSCHEID,
GARY IDLER and MICHAEL CLAY,
on behalf of themselves and a class of
employees and/or former employees
similarly situated,                                                    ORDER

                                                                                           09-cv-625-bbc

                      Plaintiffs,

     v.

DIRECTSAT USA, LLC and
UNITEK USA, LLC,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil action for monetary and injunctive relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and wage and overtime compensation laws of Wisconsin, Minnesota and Pennsylvania. Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay contend that defendants DirectSat USA, LLC and UniTek, LLC violated the FLSA and state law by not compensating them for certain activities related to their jobs as installation technicians. On June 7, 2010, I granted conditional certification of a nationwide FLSA class. On October 22, 2010, plaintiffs filed a motion to certify state classes under Fed. R. Civ. P.

1

23, and filed 39 declarations in support of their motion. Now before the court is defendants' motion to strike the declarations or in the alternative, for an extension of time to respond to plaintiffs' motion. Dkt. #267.

Defendants contend that plaintiffs violated Fed. R. Civ. P. 26(a) by failing to disclose the identities of the 39 declarants before filing the declarations with the court. Rule 26(a)(1) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Defendants admit that plaintiffs referred to a list of all putative class members in their Rule 26(a)(1) disclosures, but defendants contend that such a list is insufficient in this case because the list contains thousands of people. Thus, defendants argue, plaintiffs had an obligation to disclose the specific individuals they chose to interview.

Rule 26(a)(1) requires only that plaintiffs identify individuals who may have information about a case; nothing in the rule requires plaintiffs to identify specific individuals from whom they receive declarations and conduct interviews. On the other hand, this is not the first time the parties have brought this dispute to the court. Dkt. ##120, 121, 125 and 126. Magistrate Judge Crocker held a telephonic hearing on this issue on May 26, 2010. Dkt. #128. Judge Crocker did not rule definitively on whether plaintiffs must disclose the identities of class members interviewed by counsel or statements obtained from

2

class members.  However, in a text order, he noted that "plaintiffs likely will have to disclose the identities of class members interviewed by counsel and may have to disclose statements provided by class members."  Dkt. #127.  In addition, during the hearing, plaintiffs' counsel represented to the court that it would identify for defendants' counsel the individuals from whom plaintiffs obtained statements so that defendants would have an opportunity to talk to those people.  Dkt. #128, at 15.  It appears that plaintiffs did not provide such information, at least not before they filed the declarations in support of their motion to certify Rule 23 classes.

      Nevertheless, I will not strike the declarations.  Judge Crocker's order did not require explicitly that plaintiffs disclose the identity of these individuals and plaintiffs did not state specifically when they would provide defendants with a list of individuals from whom they obtained declarations.  However, I agree with defendants that they should have an opportunity to depose at least some of these individuals in responding to plaintiffs' motion for class certification in order to challenge the declarants' credibility and determine whether the class members are similarly situated.  In the pretrial conference report, the parties agreed to take only 25 depositions per side, and defendants have deposed 22 technicians already.  Thus, defendants may not depose all 39 of the declarants because that would greatly exceed the 25-person agreement and would require a significant extension of time to respond to plaintiffs' motion.  Instead, defendants may choose up to ten of the declarants to depose and

3

may have until November 18, 2010 to respond to plaintiff's motion.

## ORDER

IT IS ORDERED that the motion to strike or in the alternative, for an extension of time, dkt. #267, filed by defendants DirectSat USA, LLC and UniTek USA, LLC is GRANTED IN PART and DENIED IN PART. The motion to strike is DENIED. The motion for an extension of time is GRANTED. Defendants may have until November 18, 2010 to respond to plaintiffs' motion to certify state classes under Fed. R. Civ. P. 23, and may depose up to ten of the individuals who submitted declarations in support of plaintiffs' motion. Plaintiffs may have until November 25, 2010 to file a reply.

Entered this 3d day of November, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge