UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AARON ESPENSCHEID,<br>GARY IDLER, and MICHAEL CLAY,<br>on behalf of themselves and a<br>class of employees and/or<br>former employees similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>DIRECTSAT USA, LLC and<br>UNITEK USA, LLC<br>    Defendants. | Case No. 09-cv-625 |

### DEFENDANTS' MOTION TO AMEND THIS COURT'S FEBRUARY 10, 2011 ORDER TO INCLUDE A CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendants DirectSat USA, LLC and UniTek USA, LLC (together, "Defendants"), hereby move this Court to amend its February 10, 2011 Order and Opinion (Dkt. No. 387) regarding Defendants' motion to decertify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Defendants respectfully request that this Court certify the order for interlocutory review pursuant to 28 U.S.C. § 1292(b). In particular, Defendants request that the Court certify the following three questions of law:

1. What is the appropriate legal standard for determining whether employees are "similarly situated" sufficient to justify adjudicating their claims in a collective action under 29 U.S.C. § 216(b)?

2. To what extent may employees be deemed "similarly situated" in wage-and-hour litigation because an employer's employment policies allegedly caused individual employees or their managers to engage in purportedly unlawful behavior, even though the behavior at issue varied widely among employees and managers?

3. Do the Due Process Clause of the Fifth Amendment and the Reexamination Clause of the Seventh Amendment permit certification of FLSA subclasses whose members cannot be determined without individualized discovery from opt-in plaintiffs and who have widely differing claims based on their individual employment experiences, and that would likely require bifurcation of overlapping damages and liability issues?

As explained at length in Defendants' supporting brief, the requirements of § 1292(b) are satisfied as to each of these critical legal questions. Thus, for the reasons set forth in Defendants' supporting brief, which is incorporated herein by reference, this Court should grant Defendants' Motion and amend its order to include a certification for interlocutory appeal under § 1292(b).

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | /s/Colin D. Dougherty |
|  | Eric J. Bronstein |
| ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C. | John P. Elliott |
|  | Colin D. Dougherty |
|  | Gregory S. Voshell |
|  | Union Meeting Corp. Ctr. |
|  | 925 Harvest Dr., Suite 300 |
|  | Blue Bell, PA 19422 |
|  | (215) 977-1000 |
|  |  |
|  | Laura Skilton Verhoff |
|  | Drew J. Cochrane |
| STAFFORD ROSENBAUM LLP | 222 W. Washington Ave., Suite 900 |
|  | Madison Wisconsin 53701-1784 |
|  | (608) 256-0226 |
| DATED: February 25, 2011 | *Counsel for Defendants* |