# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| AARON ESPENSCHEID,<br>GARY IDLER, and MICHAEL CLAY,<br>on behalf of themselves and a<br>class of employees and/or<br>former employees similarly situated,<br>Plaintiffs,<br><br>v.<br><br>DIRECTSAT USA, LLC and<br>UNITEK USA, LLC<br>Defendants. | : : : : : : : : : : : : : : : | Case No. 09-cv-625 |

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO AMEND THIS COURT'S FEBRUARY 10, 2011 ORDER TO INCLUDE A CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

---

Defendants DirectSat USA, LLC ("DirectSat") and UniTek USA, LLC ("UniTek"), (together, "Defendants"), hereby submit this brief in support of their motion to amend this Court's February 10, 2011 Order and Opinion (Dkt. No. 387) regarding Defendants' motion to decertify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Defendants respectfully request that this Court certify the order for interlocutory review pursuant to 28 U.S.C. § 1292(b). In particular, Defendants request that the Court certify the following three questions of law:

1. What is the appropriate legal standard for determining whether employees are "similarly situated" sufficient to justify adjudicating their claims in a collective action under 29 U.S.C. § 216(b)?

2. To what extent may employees be deemed "similarly situated" in wage-and-hour litigation because an employer's employment policies allegedly caused individual

employees or their managers to engage in purportedly unlawful behavior, even though the behavior at issue varied widely among employees and managers?

3.  Do the Due Process Clause of the Fifth Amendment and the Reexamination Clause of the Seventh Amendment permit certification of FLSA subclasses whose members cannot be determined without individualized discovery from opt-in plaintiffs and who have widely differing claims based on their individual employment experiences, and that would likely require bifurcation of overlapping damages and liability issues?

## BACKGROUND

Plaintiffs bring this "off-the-clock" wage-and-hour action under the FLSA and the laws of Pennsylvania, Minnesota, and Wisconsin. The three named Plaintiffs assert their claims on behalf of themselves and others they assert are similarly situated. On June 7, 2010, this Court granted conditional certification of a nationwide FLSA class under 29 U.S.C. § 216(b), and 952 individuals subsequently opted into the collective action. On February 10, 2010, this Court denied, in large part, Defendants' motion to decertify the FLSA collective action. See Dkt. No. 387. This Court crafted three subclasses under § 216(b) depending on the type of claims asserted by the opt-in plaintiffs. Id. at 26-27. The Court also granted Plaintiffs' motion for class certification of their state-law claims. See Dkt. No. 387.

Defendants have filed a petition for permission to appeal this Court's class-certification decision with the Seventh Circuit pursuant to Federal Rule of Civil Procedure 23(f). Defendants now seek certification of this Court's decision to deny Defendants' motion to decertify the FLSA collective action. That decision involves several controlling questions of law—including, for example, the appropriate standard for determining whether employees are "similarly situated" under § 216(b)—that are appropriate for interlocutory review by the Seventh Circuit. Accordingly, for the reasons set forth below, Defendants respectfully request that this Court

amend its February 10, 2011 order to include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## ARGUMENT

Section 1292(b) authorizes this Court to certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See also In re Text Messaging Antitrust Litig., ---F.3d---, 2010 WL 5367383, at *1 (7th Cir. Dec. 29, 2010). Each of the requirements for certification under § 1292(b) is satisfied here.

### A.   THIS COURT'S ORDER DENYING DECERTIFICATION OF THE FLSA ACTION INVOLVES CONTROLLING QUESTIONS OF LAW.

This Court's order denying decertification of the FLSA collective action involves several controlling questions of law that are appropriate for interlocutory review.

1. Most significantly, the certification decision turns on the appropriate standard for evaluating the statutory requirement that the employees be "similarly situated." 29 U.S.C. § 216(b). This is an exceptionally important issue: It is the decisive inquiry in *every* putative FLSA collective action, including this one. Yet, as this Court noted in its opinion, "the Court of Appeals for the Seventh Circuit has not articulated a standard for making the [similarly situated] determination" under § 216(b). Dkt. No. 387, at 21.

Because the selection of an appropriate legal standard is such a fundamental decision for any litigation, the Seventh Circuit has recognized that it is precisely the sort of controlling question of law that can warrant interlocutory review. See In re Text Messaging, 2010 WL 5367383, at *2 (interlocutory appeal appropriate where Seventh Circuit was asked to interpret

the pleading standard under <u>Twombly</u>); <u>see also</u> <u>Searcy v. eFunds Corp.</u>, No. 08-985, 2010 WL 5245856, *1 (N.D. Ill. Dec. 14, 2010).

Interlocutory review of this issue is all the more appropriate given the substantial increase of wage-and-hour actions in this circuit—and in this district specifically. A prompt determination by the Seventh Circuit regarding the controlling standard for such cases would help guide this Court and others in adjudicating collective actions under § 216(b) and would avoid the potential waste of effort that could be caused by obtaining the Seventh Circuit's views only after several § 216(b) cases, including this one, have already proceeded to trial. Moreover, if the Seventh Circuit grants Defendants' petition for review under Rule 23(f), that would further support review of the FLSA claims under § 1292(b): Allowing the issues to proceed together would permit the Seventh Circuit to address the governing standard under § 216(b) by juxtaposing and comparing that standard with the requirements of Rule 23(a) and (b). <u>See</u> <u>Grayson v. Kmart Corp.</u>, 79 F.3d 1086, 1090 (11th Cir. 1996) (accepting § 1292(b) appeal addressing standard under § 216(b) and application of that standard in an ADEA case).

2. The Seventh Circuit's review of the governing legal standard would be aided, of course, by applying that standard in a particular case. In this case, the application of § 216(b)'s "similarly situated" requirement itself involves a controlling legal question that warrants interlocutory review, whether alone or in combination with the governing legal standard.

In certifying the FLSA collective action, this Court acknowledged that the opt-in plaintiffs "deposed by defendants testified to varying employment experiences," Dkt. No. 387, at 25, and that "[n]ot all technicians performed all of [the alleged] tasks, nor did they perform them everyday or for a consistent period of time," <u>id.</u> at 15. The Court nonetheless concluded that the case could proceed as a collective action "because all plaintiffs were subject to defendants'

nationwide policies and practices." Id. at 26. This decision raises an important issue regarding when, if at all, collective-action certification is appropriate because of the employer's putative nationwide policies even though, because the circumstances of individual employees varied so greatly, establishing the existence of those policies does not alleviate individualized issues that must be adjudicated to ascertain liability and entitlement to relief.

This is an important issue for interlocutory review, as several courts of appeals have recognized by granting review under Rule 23(f) of class-certification decisions raising analogous issues. See Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 197 (3d Cir. 2009) (accepting Rule 23(f) appeal and reversing grant of class certification where adjudication as to the existence of particular policies was swallowed by individual analyses necessary to establish liability and relief); see also, e.g., Myers v. Hertz Corp., 624 F.3d 537, 547-48 (2d Cir. 2010); Luna v. DelMonte Fresh Produce (Souteast), Inc., 354 F. App'x 422 (11th Cir. 2009). As these cases illustrate, the relationship between overarching national policies that could lawfully be applied, on the one hand, and individualized responses to those policies that allegedly implicate wage-and-hour laws, on the other hand, gives rise to fundamental issues regarding the propriety of class (or, in this case, collective-action) certification. And again, to the extent the Seventh Circuit grants review under Rule 23(f), it makes sense for this collective-action issue to be addressed at the same time as the analogous issue presented by Plaintiffs' state-law claims. See Dkt. No. 387, at 47 (noting that "[t]he typicality requirement under Rule 23(a)(3) overlaps substantially with the similarly situated analysis under § 216(b)").

3. Finally, the Court's decision to permit this case to proceed as a collective action raises several critically important issues under the Due Process Clause of the Fifth Amendment and the Reexamination Clause of the Seventh Amendment. In particular, there are substantial—and

necessarily controlling—issues regarding whether these constitutional limitations permit certification of subclasses whose membership cannot be determined without engaging in precisely the sort of individualized inquiry that collective treatment is designed to avoid, particularly where the individual experiences of the employees varied so widely, and where manageability problems will likely require bifurcation of liability and damages.

This Court created subclasses based on the type of claim possessed by the opt-in plaintiffs, rather than some objectively identifiable metric such as job classification, job duties, or job departments. As a result, it is impossible to determine without individualized analyses of the opt-in plaintiffs which (if any) of the three subclasses is applicable to which plaintiff. Thus, even if the named plaintiffs prevail at trial, none of the opt-in plaintiffs could recover without a separate trial of their own claims: To establish a right to unpaid wages for off-the-clock work, each individual technician must show that he or she performed uncompensated work. See Lugo v. Farmer's Pride Inc., ---F. Supp. 2d---, 2010 WL 3370809 at *22 (E.D. Pa. 2010); Powell v. Carey Intern., Inc., 483 F. Supp. 2d 1168, 1182 (S.D. Fla. 2007); Colindres v. QuietFlex Mfg., 427 F. Supp. 2d 737, 753-756 (S.D. Tex. 2006). These liability issues cannot be tried, however, without violating the Reexamination Clause of the Seventh Amendment because closely related liability issues would already have been determined in the earlier collective-action trial. See Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 500 (1931); see also U.S. Const. amend. VII ("no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law").

At the same time, however, the Court cannot permit recovery from opt-in plaintiffs without individualized proof of liability. Even if the named plaintiffs could prove their own claims, that could conceivably establish liability as to the opt-in plaintiffs only by ignoring the

divergent nature of the claims asserted and thus violating Defendants' due process rights to present available defenses. See, e.g., Philip Morris USA v. Williams, 549 U.S. 346, 353 (2007); Lindsey v. Normet, 405 U.S. 56, 66 (1972). Accordingly, there is a substantial issue whether the collective action certified here could proceed at all without violating either Defendants' Fifth Amendment rights or their Seventh Amendment rights.

For similar reasons, this Court's proposed bifurcation of damages and liability issues also raises serious constitutional concerns. This Court noted that the case should be "bifurcated into separate liability and damages phases," in which "[t]he damages stage would involve examination of how any practices found unlawful affected each plaintiff." Dkt. No. 387, at 36. But the "examination of how any practices found unlawful affected each plaintiff" is not only a damages issue, it is also a liability issue: Defendants are not liable unless the particular opt-in plaintiff in fact was subject to any "practices found unlawful." The Seventh Amendment does not permit the bifurcation of such closely related issues. See, e.g., In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1302-04 (7th Cir. 1995); Gasoline Prods., 283 U.S. at 500.

Finally, as before, these constitutional issues are likewise applicable to the Rule 23 class certified by this Court. Thus, if the Seventh Circuit grants review under Rule 23(f), it is especially appropriate to certify the "overlap[ping]" FLSA order (Dkt. No. 387, at 47) for interlocutory appeal.

### B.   THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION REGARDING THE COURT'S DECERTIFICATION ORDER.

The fact that this Court and others have wrestled with similar controlling questions of law and reached varying results, coupled with the Court's acknowledged manageability concerns, demonstrates that there are substantial grounds for difference of opinion regarding the issues addressed by this Court's order.

1. This Court noted that the individual technicians in this case had varying employment experiences and that they do not possess the same claims. Dkt. No. 387, at 14-16, 23, 25. In analogous factual situations, other courts have denied certification or granted decertification. See, e.g., Lugo, 2010 WL 3370809, *10; Reed v. County of Orange, 266 F.R.D. 446, 449-50 (C.D. Cal. 2010); Zavala v. Wal-Mart Stores, Inc., 2010 WL 2652510, *5 (D.N.J. Jun. 25, 2010); Wright v. Pulaski County, 2010 WL 3328015, *9 (E.D. Ark. Aug. 24, 2010); Cartner v. Hewitt Assocs., LLC, 2010 WL 1380037, *3 (M.D. Fla. 2010) Pacheco v. Boar's Head Provisions, Inc., 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009); Proctor v. Allsups Convenience Stores, Inc., 250 F.R.D. 278, 280 (N.D. Tex. 2008); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567 (E.D. La. 2008) Duncan v. Phoenix Supported Living, Inc., 2007 U.S. Dist. LEXIS 24649, *3 (W.D.N.C. Mar. 30, 2007); Johnson v. TGF Precision Haircutters, Inc., 2005 U.S. Dist. LEXIS 44259, *12 (S.D. Tex. Aug. 17, 2005). This difference in outcomes can be explained, in part, by the lack of circuit guidance concerning the appropriate standard for certification under § 216(b).

2. The Seventh Circuit has not addressed the extent to which reliance on putative nationwide policies can justify certification even when the individual circumstances and claims of opt-in plaintiffs differs widely. In the Rule 23 context, however, several circuits have held that the alleged existence of a putative nationwide or company-wide policy is not sufficient for class certification where individual analyses related to liability and relief lurk beneath adjudication of the putative policies. See Hohider, 574 F.3d 169, 197 (3d Cir. 2009); In re Wells Fargo Home Mortg. Pay Litig., 571 F.3d 953, 957 (9th Cir. 2009); Luna, 354 F. App'x 422; Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1006 (11th Cir. 1997). Under this view, decertification of Plaintiffs' § 216(b) action would be appropriate. That other circuits have

reached this conclusion in an analogous context further demonstrates that there are substantial grounds for difference of opinion on this issue.

3. Finally, there are substantial grounds for difference of opinion regarding whether this Court's certification order is consistent with the Constitution. This is clear from the Supreme Court's opinions in <u>Philip Morris</u>, <u>Lindsey</u>, and <u>Gasoline Products</u>, as well as the Seventh Circuit's opinion in <u>Rhone-Poulenc</u>, which together create grave doubts about the certification order. But it is also clear because the Court has itself acknowledged the manageability problems with this case, stating that "as this case develops further or reaches the damages phase it may become unmanageable in its current form." Dkt. No. 387, at 54. Although Defendants respectfully submit that the case is "unmanageable" even in its current form, there is little doubt that serious constitutional issues would arise if the case is deemed "unmanageable" only after some issues have been tried to a jury. <u>See, e.g.</u>, <u>Rhone-Poulenc</u>, 51 F.3d at 1302-04; <u>Gasoline Prods.</u>, 283 U.S. at 500.

## C.   AN IMMEDIATE APPEAL WILL ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

Finally, there is no doubt that an interlocutory appeal would advance the ultimate termination of this litigation. If the Seventh Circuit grants review and holds that certification under § 216(b) is not proper, this case will revert to three individual plaintiffs. A different outcome on certification therefore would have a major impact on the scope and length of any trial in this litigation. That, in turn, could have significant consequences on the likelihood that the parties could negotiate a resolution of this matter without the need for trial.

While the Court could certainly proceed with this litigation without receiving guidance from the Seventh Circuit, a different conclusion on certification announced in a post-trial appeal could require the Court to go back and start over. In light of the scope and complexity of trial if

this case remains a collective action, ensuring that the relevant issues regarding certification are thoroughly and finally resolved from the outset would clearly advance the ultimate termination of this litigation.

## **CONCLUSION**

This Court's decertification order satisfies each of the three requirements of 28 U.S.C. § 1292(b).   Given the significant legal issues addressed in that order, on which there are substantial grounds for difference of opinion and the resolution of which could advance the ultimate termination of this litigation, the Court should amend its order to include a certification for interlocutory appeal under § 1292(b).

Respectfully submitted,

*/s/Colin D. Dougherty*

OF COUNSEL:

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

Eric J. Bronstein
John P. Elliott
Colin D. Dougherty
Gregory S. Voshell
Union Meeting Corp. Ctr.
925 Harvest Dr., Suite 300
Blue Bell, PA 19422
(215) 977-1000

Laura Skilton Verhoff
Drew J. Cochrane

STAFFORD ROSENBAUM LLP

222 W. Washington Ave., Suite 900
Madison, Wisconsin 53701-1784
(608) 256-0226

DATED:  February 25, 2011

*Counsel for Defendants*