THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

        Plaintiffs,

v.                                                                                         Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

        Defendants.

---

**TRIAL BRIEF REGARDING REPRESENTATIVE PROOF**

---

The purpose of the class/collective action is to provide a procedural vehicle for the efficient resolution of claims involving common factual issues that depend on common proof. Instead of individually trying each employees' claims, a court may resolve them collectively on the basis of evidence that is representative of the whole group, especially when the employers' time records are inaccurate or incomplete. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1264-65 (11th Cir. 2008). Such representative proof permits plaintiffs to establish a *prima facie* right to recovery on behalf of non-testifying individuals who were subject to the same illicit pattern or practice. See Harold Levinson Assocs., Inc. v. Chao, 37 Fed. Appx. 19, 21 (2d Cir. 2002). Representative proof can also be used to prove damages. Id. The use of representative proof comports with the policies that underscore Rule 1, Fed. R. Civ. P.

and Rule 403, Fed. R. Evid., as such proof promotes efficiency and avoids the presentation of unnecessary, cumulative evidence.

The use of representative proof in collective wage and hour actions has developed from the Supreme Court's decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946). There, the Court confirmed that employees in a collective action have the burden of proving that they performed work for which they were not properly compensated. Mt. Clemens at 328 U.S. at 686-87. However, when the employer fails to maintain proper and accurate payroll records, the employee can meet his burden by proving "that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. If an employee makes this showing, then the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. (emphasis supplied).

Based on Mt. Clemens' holding that employees can meet their initial burden by producing sufficient evidence to show liability "as a matter of just and reasonable inference," courts have routinely concluded that Mt. Clemens contemplates the use of representative evidence. See Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1116 (4th Cir. 1985). Through representative testimony, plaintiffs can meet their *prima facie* case by producing witnesses on behalf of non-testifying witnesses who were subject to the same illicit pattern or practice. Kearns, The Fair Labor Standards Act pp. 19-173)(collecting cases). While all plaintiffs need not testify to establish their *prima facie*

case, the testimony presented by those plaintiffs who do testify must be fairly representative of the whole group. Id.

There is no bright line concerning the ratio or percentage of employees from a class that must testify to establish sufficient representative evidence in support of a *prima facie* case with respect to an entire group. See Reich v. Southern New Eng. Telecomms. Corp. 121 F.3d 58, 68 (2d Cir. 1997)(2.5% of employees sufficient where each job description was covered and the damages arose from a company policy that was consistently applied); Secretary of Labor v. DeSisto 929 F.2d 789, 793-94 (1st. Cir. 1991). Many courts, including the United States Supreme Court, have allowed a small percentage of the total class to serve as testifying witnesses. See Mt. Clemens at 328 U.S. at 688 (testimony from a sample representing 2.3 percentage of the class sufficient to establish damages award); Southern New Eng. Telecomms., 121 F.3d at 67-68 (live testimony from 2.5 percent sample of class was sufficient to support a just and reasonable inference of an FLSA violation); Donovan v. Burger King Corp., 672 F.2d 221, 224-225 (1st Cir. 1982)(affirming FLSA judgment where 6 out of 246 class members testified). According to one Court, "[t]he determination of whether the representative testimony adequately represents the class depends on the nature of the work involved, the working conditions and relationships, and the detail and credibility of the testimony." Pacific Stucco, Inc., 2006 WL 2432682, at *3; Reich at 121 F.3d at 63 (2d Cir. 1997)(focus should be on quality of evidence, not quantity). Representative testimony is particularly appropriate where, as here, the proof involves uniform work tasks and a limited number of employee positions. Reich v. Southern Maryland Hosp., Inc., 43 F.3d 949, 952 (4th Cir. 1995).

In presenting representative testimony, Plaintiffs are not required to show that all class members were deprived of overtime compensation.  In the unlikely event that Defendants identify class members that were not deprived of compensable overtime, the court can omit them from the class and prohibit them from sharing in a damages award. Brennan v. General Motors Acceptance Corp., 482 F.2d 825, 829 (5th Cir. 1973)(omitting 10 employees from class after employer showed that they were paid overtime).  Plaintiffs are only required to produce sufficient evidence to establish that the employees have in fact performed work for which they were improperly compensated and produce sufficient evidence to show the amount and extent of that work "as a matter of just and reasonable inference."  Mt. Clemens at 328 U.S. at 687.  The most efficient and reliable way to meet this burden is through the use of representative testimony that provides common evidence regarding class-wide issues that are connected by common proof.

Plaintiffs intend to use representational proof to establish liability and damages in the instant case.  Such proof is appropriate where, as here, Defendants have failed to keep accurate or adequate time records for technicians who performed uncompensated work activities outside of the "window" and who underreported compensable time within the "window."  This fact is undisputed.  In written discovery, Defendants were asked to produce records verifying how much time the technicians spent on nonproductive tasks outside of the "window."  (Plaintiffs' Requests for Production 58-59, Edwards Aff. Ex. "A.").  In response, Defendants merely alleged that "Plaintiffs are responsible for accurate reporting their time worked." (Def. Resp. to RFP 58, Edwards Aff. Ex. "B."). Following a motion to compel, Defendants supplemented their response as follows:

"Notwithstanding the foregoing objections, technicians are paid for the time recorded…" (Edwards Aff. Ex. "C.") This admission is consistent with the position Defendants' maintained in opposing Plaintiffs' Motion to Compel: "As plaintiffs know, Defendants' management and supervisors were not with Plaintiffs during their daily activities." (Dkt. 169, p. 13). Defendants provide no proof whatsoever to suggest that they have maintained records of the actual time worked by the technicians. Instead, they blame the technicians.

Based on this undisputed evidence, Defendants failed to maintain accurate and adequate records regarding the technicians' time. Moreover, Defendants cannot offer convincing substitutes of records that would reflect this time. Under these circumstances, the technicians are only required to show that they performed work for which they were not compensated and produce evidence to show "the amount and extent of that work as a matter of just and reasonable inference." Mt. Clemens at 328 U.S. at 687. To satisfy this burden, Plaintiffs intend to introduce representative testimony from over thirty similarly situated technicians, who will testify about the uncompensated work activities that they performed for Defendants pursuant to uniform, nationwide policies and practices. This evidence will be admitted through live testimony, deposition testimony, video testimony and summaries. Once Plaintiffs meet their burden, Defendants will be required to introduce evidence of the "precise amount of work performed" or evidence that otherwise negates the "reasonableness of the inference to be drawn from the employee's evidence." Mt. Clemens at 328 U.S. at 687-88. This well-settled process is both efficient and manageable and it provides the only mechanism for resolving a large scale collective action without requiring extensive testimony from each individual class member.

In prior submissions, Defendants have incorrectly argued that representative proof would violate Rule 23 and "due process" because it would allow Plaintiffs to establish liability on behalf of individuals who do not have a valid claim. (Dckt. # 487 at 14). Setting aside the speculative nature of this argument, Rule 23 certification issues have nothing to do with the propriety of representational proof, which provides evidence of liability and damages, not certification. If Defendants believe that individualized inquiries preclude certification, as they have unsuccessfully argued throughout this entire case, they have the right to seek appropriate relief. While Defendants claim that individual differences between class members preclude the use of representative proof on a class-wide basis (a notion that finds no support in the law), they ignore the Court's authority to omit class members from recovering damages if the evidence shows they have no claim. Through this common-sense procedure, Defendants' concerns regarding "due process" and certification are directly addressed as both sides are provided with a full and fair opportunity to present their case with the evidence of their choice.

Defendants' purported concerns regarding representative proof fall on a more basic level. Throughout this case, Defendants have attacked the technicians because they cannot specifically recall the specific amount of time spent performing these uncompensated work activities. However, the purpose of Mt. Clemens is to prevent employers from taking advantage of their own failure to maintain adequate and accurate time records. Here, Defendants seek to take advantage of this failure, claiming that representative proof is improper because the class members' cannot specifically recall how much time they spent on otherwise compensable work. This problem would not exist if Defendants had kept accurate time records, allowed the technicians to report

nonproductive time outside of the "window," and encouraged the technicians to record all compensable time. This Court should not reward Defendants for these obvious failures.

In sum, representative proof is the most efficient mechanism for submitting class-wide evidence of liability and damages. Plaintiffs seek to introduce representative testimony from over thirty technicians, who will testify that they performed the work activities in question, without compensation, by just and reasonable inference. To the extent that Defendants can demonstrate that individual technicians do not have claims, those technicians will be barred from the class and denied recovery. To the extent that Defendants are concerned about Rule 23 issues, those concerns pertain to certification, not the propriety of representative proof. Given the short time period for the introduction of evidence, representative proof will facilitate the speedy and efficient resolution of this lawsuit. For these reasons, and those referenced above, Plaintiffs would respectfully submit that representative testimony provides the most appropriate vehicle for the introduction of class-wide proof on liability and damages.

Respectfully submitted this 27th day of April, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Eric J. Haag | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI 53701-1808 | Madison, WI 53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| haag@gcllawyers.com | tedwards@axley.com |