UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Aaron L. Espenscheid, on behalf of himself and a class of employees and/or former employees similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| DirectSat USA, LLC, and UniTek USA, | : : : |
| Defendants. | : : |

Case No. 09-cv-625

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM INTRODUCING WITNESSES NOT PREVIOUSLY IDENTIFIED AND/OR INTRODUCING DOCUMENTS NOT PREVIOUSLY DISCLOSED IN DISCOVERY

Defendants DirectSat USA, LLC, ("DirectSat") and UniTek USA (collectively, "Defendants'), by and through their undersigned attorneys, respectfully move in limine to preclude Plaintiffs from calling as witnesses at trial persons they have not previously identified on their witness lists and preclude Plaintiff from introducing at trial any documents they have not previously disclosed and produced in discovery.

Given Plaintiffs' history of ambushing Defendants with witnesses and evidence they have not previously disclosed, as a precautionary matter, Defendants bring this Motion in Limine to exclude the obvious. In an attempt to prevent a "trial by ambush," Defendants request that the Court: 1) exclude from testifying at trial any persons not previously disclosed on Plaintiffs' witness lists; and 2) exclude all documents or evidence not previously produced in discovery.

Federal Rule of Civil Procedure 37(c)(1) provides, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." (emphasis added). Rule 37(c)'s exclusionary sanction is "self-executing" and "automatic." Id., Advisory Committee Notes (1993 Amendments). "The burden is on the non-moving party to show that the non-disclosure was harmless or substantially justified," and if the non-moving party fails to meet its burden, exclusion in mandatory. SPX Corp. v. Bartec USA, LLC, 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008); see Musser v. Gentiva Health Services, 356 F.3d 751, 758 (7th Cir. 2004).

The failure to disclose evidence or witnesses which Plaintiffs intend to use at trial would not be "harmless." Defendants would be unfairly prejudiced if Plaintiffs were permitted to call witnesses they have not previously disclosed to Defendants. See Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.") Likewise, Defendants would be unfairly prejudiced if Plaintiffs attempted to introduce at trial documents that have never been previously disclosed to Defendants during discovery. Simply put, there should be no "surprise" witnesses or documents at trial. Accordingly, Defendants' Motion in Limine should be granted.

For all of the foregoing reasons, Defendants respectfully request that this Court enter an Order precluding Plaintiffs from calling as witnesses at trial persons they have not previously identified on their witness lists and preclude Plaintiffs from introducing at trial any documents they have not previously disclosed in discovery.

                                        Respectfully submitted,

ELLIOTT GREENLEAF           /s/ *Colin D. Dougherty*
& SIEDZIKOWSKI, P.C.       Eric J. Bronstein
                                        John P. Elliott
                                        Colin D. Dougherty
                                        Gregory S. Voshell
                                        Union Meeting Corp. Ctr.
                                        925 Harvest Dr., Suite 300
                                        Blue Bell, PA 19422
                                        (215) 977-1000

                                        Counsel for Defendants

DATED: May 6, 2011