UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                                                         Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE I**
_____

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**     **Motion in Limine #1:  Motion to Exclude Evidence and Argument Regarding Alleged Motivation for (and Benefit From) Technicians Under-Reporting Hours.**

At trial, Plaintiffs intend to introduce evidence to show that class members underreported the number of hours worked each week on their weekly time sheets. Defendants previously tried to interpose counterclaims against opt-in technicians who over-reported their hours, a tactic that was rejected by this Court because it would "chill

participation" in the collective action. (Dckt. #140, pp. 13-14)("The purpose of the FLSA is to allow workers to assert their rights to be paid a minimum wage and receive overtime compensation. Defendants' counterclaims discourage workers from asserting those rights."). In an effort to subvert this ruling and delay the trial, Defendants intend to introduce evidence and argument regarding the alleged motivation and benefit connected with the technicians' under-reporting of hours.

Such evidence is irrelevant. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours" unless the employee receives compensation at an applicable overtime rate of pay. 29 U.S.C. § 207(a)(1). The term "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203(g). In addition, "[w]ork not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. Therefore, if the employer "knows or has reason to believe that the employee continues to work, the additional hours must be counted." Id. The employer "cannot sit back and accept the benefits of [uncompensated hours] without compensating for them." See 29 C.F.R. § 785.13.

As these regulations instruct, an employee's motivation for working off the clock (i.e., not reporting time spent working) is "immaterial" for purposes of determining an employer's liability under the FLSA. See 29 C.F.R. § 785.11; Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007) ("The reason that the employee performed the work is also not relevant."); Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 537 (S.D. Tex. 2008) (denying decertification motion where some plaintiffs intentionally worked off the clock because they believed they would receive a promotion or a higher bonus). In Falcon, assistant store managers ("ASMs") of

2

Starbucks filed an FLSA collective action seeking overtime compensation.  Id. at 529-30.  After the district court conditionally certified a nationwide class, Starbucks filed a motion to decertify.  Id.  Starbucks argued that collective action treatment was inappropriate because the ASMs had varied motivations for working off the clock, a fact which Starbucks argued demonstrated that the ASMs were not similarly situated.  Id. at 537.  In particular, Starbucks highlighted evidence that some ASMs worked off the clock and underreported their hours because they thought that such underreporting would lead to a promotion or earn them a higher bonus.  Id. at 537-38.  The court held that this evidence was irrelevant for purposes of liability under the FLSA:  "[F]or purposes of liability under Section 207 of the FLSA, Plaintiffs need not prove that Defendants engaged in a pattern or practice of denying unpaid overtime, *nor are Plaintiffs' motives for working off-the-clock of any relevance*."  Id. at 537 (emphasis added).  According to the court, "the fact that some ASMs thought they would get a promotion or a higher bonus for [working off the clock] so only confirms that the environment created by Starbucks' conflicting signals laid the groundwork for FLSA violations."  Id.

Thus, under Falcon and the regulations cited above, an employee's motivation for working off the clock and underreporting hours (and the anticipated benefit from this conduct) is irrelevant for purposes of establishing liability under the FLSA.  The question here is whether the employee performed compensable work, with the employers' knowledge, without being paid.  In applying this analysis, the technicians' motivation for underreporting their hours is immaterial.  To hold otherwise, and permit Defendants to attack the technicians for following the instructions of their supervisors within a system that Defendants created, would invite collateral, prejudicial excursions into questions that

3

4

have nothing to do with liability, thereby confusing the jury, delaying the trial and allowing the needless presentation of cumulative evidence.  <u>See</u> Rule 401, 403, Fed. R. Evid.  For these reasons, Defendants should be precluded from admitting any evidence or argument regarding the technicians' motive or benefit connected with under-reporting.

Dated this 6th day of May, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI  53701-1808 | Madison, WI  53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |

4