UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                                              Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE II**
_____

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**      <u>**Motion in Limine #2:**</u>   **Motion to Exclude Evidence or Argument Regarding Prior Discipline or Termination of Technicians.**

Through discovery, the parties have uncovered evidence pertaining to prior disciplinary action of some technicians, up to and including (in rare cases) termination. Plaintiffs would respectfully submit that such evidence is inadmissible pursuant to Rules 401, 403, 404(b) and 608(b) of the Federal Rules of Evidence, unless offered by Plaintiffs to show, for example, that technicians were disciplined for failing to complete work tasks

that they were not paid for. Plaintiffs anticipate that Defendants will try to impeach certain technicians with evidence of discipline and/or termination despite its minimal probative value and other restrictions set forth in the Federal Rules of Evidence.

As a general matter, evidence of other "wrongs" is not admissible to prove the character of a person in order to show action in conformity therewith. Rule 404(b), Fed. R. Evid. On a more specific level, specific instances of conduct may not be introduced through extrinsic evidence. Rule 608(b), Fed. R. Evid. In rare instances, specific instances of conduct may be inquired into on cross-examination "concerning the witness' character for truthfulness or untruthfulness." Id. In all cases, the court "has a responsibility not to allow cross-examination to get out of hand, confuse the jury, and prolong the trial unnecessarily." United States v. Dawson, 434 F.3d 956, 958 (7th Cir. 2006). These principles are confirmed under Rule 403, which prohibits the introduction of otherwise admissible evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . . or by considerations of undue delay . . ." Rule 403, Fed. R. Evid.

Defendants should be precluded from introducing evidence and argument regarding the technicians' prior disciplinary records, up to and including termination. Disciplinary action against a technician has no probative value in connection with the issues before the jury. Defendants cannot introduce prior discipline for excessive absenteeism to show that a technician is lazy, nor can they introduce a prior termination for customer complaints to show that the technician does not listen. Such evidence (which may include inadmissible hearsay) would be irrelevant and independently inadmissible under Rule 403, 404(b), Fed. R. Evid. If Defendants wish to introduce prior

2

discipline to impeach the credibility of a technician, such discipline must relate directly to honesty and it cannot be introduced through extrinsic evidence (such as a termination report or related hearsay).  <u>See</u> Rule 608(b).  In such rare circumstances, the Court has the discretion to permit cross-examination concerning the witnesses' character for truthfulness or untruthfulness, but only if the inquiry will not lead to unfair prejudice, confusion of the issues or considerations of undue delay.  <u>See</u> Rule 403, Fed. R. Evid.

Based on these parameters, Defendants should not be permitted to introduce evidence or argument of discipline against the technicians.  Such information has no relevance for purposes of this proceeding.  Even if it did, Defendants cannot introduce extrinsic evidence to impeach the technicians for any purpose, and there is reason to believe that any technician has been disciplined or terminated for dishonesty.  Moreover, this Court has set aside a limited time for trial, which should not be sidetracked by collateral forays into disciplinary matters that are wholly unrelated to the merits of this case.  For these reasons, Defendants should be precluded from introducing evidence or argument regarding technician discipline.

Dated this 6th day of May, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI  53701-1808 | Madison, WI  53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |