UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                                                                          Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE IV**
_____

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**     **Motion in Limine #4:  Motion to Exclude Evidence and Argument Regarding Defendants' Alleged "Set-Off."**

Plaintiffs expect that Defendants will try to introduce evidence and argument in support of their alleged claim for a "set-off."  See Dckt. 487, p. 7.  Plaintiffs deny that Defendants are entitled to a set-off, or that evidence and argument regarding a set-off is relevant.  This Court has already concluded that Defendants cannot pursue a claim against the technicians, in this case, for any alleged benefit derived from the

reporting/under-reporting of hours. The Court did so because Defendants were attempting to chill participation in this litigation. Defendants should not be permitted to resurrect these claims under the guise of an affirmative defense. If Defendants wish to pursue these alleged claims against the technicians, they can do so through a separate action. Otherwise, such evidence is irrelevant.

Defendants' claimed right to a set-off, and the amount thereof, is also inadmissible on a number of independent grounds:

First, it would be *impossible* to determine the impact that under or over-reporting had on Defendants or the technicians. While Defendants have speculated in earlier briefing that under-reporting led to more jobs for the technicians, there is no way of verifying this generalized proposition. This is particularly true where, as here, the scorecard evaluates over twelve factors before a technician can move to another level. Under these circumstances, the jury would be required to speculate about the alleged impact of over-reporting on the technicians, and the Defendants, without the benefit of competent, expert testimony (which Defendants have not produced). Such irrelevant testimony would waste valuable time, prejudice the technicians and confuse the jury by improperly casting aspersions on the technicians' conduct. See Rule 401, 403, Fed. R. Evid. For these reasons alone, Defendants should be precluded from introducing argument and evidence regarding their alleged "set-off."

In addition, Defendants' inaccurate and inadequate recordkeeping fortifies the conclusion that it would be impossible to verify the impact of over or under-reporting. If Defendants had put a stop to the under-reporting (which they knew of for years) and kept track of the nonproductive time technicians performed at home, no speculation would be

2

necessary for the technicians to defend against this defense. Without those records, it is literally impossible to make such an assessment, which is why Plaintiffs are only required to prove damages by "just and reasonable inference" under Mt. Clemens. Defendants' set-off claim represents a back door attempt to sidestep the law, introduce a counterclaim that was already dismissed and penalize the technicians for Defendants' failure to keep complete and accurate records. Defendants should not benefit from their own misconduct by forcing the technicians to prove the impossible.

Dated this 6th day of May, 2011.

| | |
|---|---|
| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI   53701-1808 | Madison, WI   53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |