UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                                Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE V**
_____

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**      **Motion in Limine #5:  Motion to Exclude Evidence and Argument That Certain Technicians Failed to File Income Tax Returns.**

Through discovery, the parties have learned that a very small fraction of technicians failed to file income tax returns.  Plaintiffs expect that Defendants will try to impeach these technicians with this information.  Defendants should not be permitted to do so because such evidence is irrelevant, highly prejudicial and well outside of the scope of proper impeachment under the Federal Rules of Evidence.  See Rule 401, 403, 404(b),

608(b), Fed. R. Evid.  As noted above, this case is about Defendants' failure to pay the technicians for overtime through policies and practices that emanate from uniform, national policies.  Evidence of certain technicians' alleged failure to pay income taxes would give rise to collateral disputes about the technicians' filing obligations under the Federal Tax Code and the underlying motives for the technicians' failure to comply.  See Galdames v. N & D Inv. Corp., 2010 WL 1330000 at *4 (denying request to impeach with alleged failure to file income tax returns based on concern regarding unnecessary "collateral disputes").  Such evidence has minimal probative value, is not probative of truthfulness or untruthfulness under Rule 608(b) and otherwise invites significant problems of undue prejudice, delay and confusion for the jury.  For these reasons, evidence and argument about the technicians' alleged failure to file income tax returns should be excluded.

Dated this 6th day of May, 2011.

| | |
|---|---|
| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI   53701-1808 | Madison, WI   53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |