UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

A ARON E SPENSCHEID,
G ARY IDLER, and
M ICHAEL C LAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                                                                          Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE VI**
_____

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**     **Motion in Limine #6:**     **Motion to Exclude Prior Convictions of Specific Technicians.**

Through the course of discovery, the parties have learned that some of the technicians have been convicted of various crimes.  Plaintiffs expect that Defendants will attempt to impeach these technicians with their criminal history.  Under Rules 403, 404(b) and 609, Fed. R. Evid., Defendants should not be permitted to do so.  The

following technicians report criminal convictions that will be analyzed for purposes of this motion:

| | | |
|---|---|---|
| Troy Gilbertson | 2006 | Misdemeanor dog napping |
| Robert Hammond | 1978 | Marijuana possession |
| Jeremy Johnson | 1996 | Conspiracy to import marijuana |
| Michael Jackson | 2008 | Failure to pay child support |
| Scott Barnes | age 15 | Auto theft |

The use of criminal convictions for purposes of impeachment is governed by Rule 609 of the Federal Rules of Evidence. Under Rule 609(a)(1), the court may admit evidence of a criminal conviction subject to the strictures of Rule 403 and the time limits set forth in Rule 609(b). Under Rule 609(a)(2), the court is required to admit any conviction that required "proof or admission of an act of dishonesty or false statement by the witness" unless the conviction is over ten years old and sufficient, advance notice is provided by the proponent of the evidence. Rule 609(b), Fed. R. Evid. Evidence of juvenile adjudications is generally inadmissible. Rule 609(d), Fed. R. Evid.

Applying these criteria, the convictions referenced above are inadmissible. Mr. Gilbertson's misdemeanor conviction for "dog napping" is over five years old. Moreover, "dog napping" does not qualify as a crime of dishonesty under Rule 609. See United States v. Amaechi, 991 F.2d 374, 379 (7th Cir. 1993)(misdemeanor theft is not a crime of dishonesty for purposes of Rule 609(a)(2)). Robert Hammond's 1978 marijuana conviction is irrelevant, time-barred and unrelated to dishonesty. Jeremy Johnson's conspiracy to import marijuana conviction is irrelevant and fails the Rule 403 balancing test. Michael Jackson's failure to pay child support conviction is not a crime of

dishonesty, nor an act that raises questions regarding his truthfulness. In this economy, with an employer not paying compensable overtime, the introduction of evidence regarding this offense would open the door to an irrelevant explanation of how DirectSat's pay practices impacted Mr. Jackson. Finally, Mr. Barnes juvenile conviction for auto theft is irrelevant, stale and inadmissible under Rule 403.

In sum, the criminal convictions referenced above have nothing to do with the resolution of this dispute. None qualify as crimes of dishonesty. None have any probative value with respect to the pending claims. None provide any insight into how the technicians completed the various work activities assigned by DirectSat. In contrast, all of these convictions invite delay, undue prejudice and the possibility that the jury will attribute the wrongs of one technician to the class as a whole. For these reasons, all of the convictions referenced above should be excluded from evidence and Defendants should be required to notify class counsel and the Court if they intend to introduce other criminal convictions relating to these technicians.

Dated this 6th day of May, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI 53701-1808 | Madison, WI 53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |