UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

       Plaintiffs,

v.                                              Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

       Defendants.

---

### PLAINTIFFS' MOTION IN LIMINE VII

---

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and respectfully submit the following Motion in Limine for trial.

**I.**    <u>**Motion in Limine #7:**</u>  **Motion to Exclude Evidence or Argument That Technicians Were "Paid" or "Paid Properly" for All "Time Worked or Recorded."**

Throughout this case, Defendants have attempted to secure admissions from technicians that they were "paid properly" for "all time recorded," thereby creating the illusion that Defendants have fully complied with their wage and hour obligations. This terminology has been used to confuse technicians in their depositions—technicians who

have no legal training from which they can testify that they were "properly paid" or "paid for all time worked." As a result, the discovery record in this case has been skewed with lay person legal conclusions regarding the most fundamental elements of Plaintiffs' claims. Such conclusions are irrelevant, highly confusing and prejudicial and, above all, offered by lay technicians who are not competent to offer such opinions.

This should not happen at trial. As a basic premise, the technicians should only be expected to testify from personal knowledge regarding their work experience with Defendants. Rule 602, Fed. R. Evid. Certainly, the technicians would not be permitted to testify that Defendants had "violated the federal and state wage and hour laws" or that Defendants failed to comply with applicable regulations in calculating overtime. For this same reason, Defendants should be precluded from asking the technicians legal questions, such as whether they were "paid properly" for all hours "worked" or "recorded." Such testimony would be highly prejudicial and confusing to the jury, who might incorrectly conclude that Defendants complied with the law merely because they paid the technicians for time recorded on their time sheet. Despite Defendants concerted effort to create such confusion during the technicians' depositions, such misleading and conclusory testimony should not be admitted at trial. For these reasons, Plaintiffs would respectfully request that this Court preclude evidence or argument that the technicians were "paid" or "paid properly" for all hours "worked" or "recorded."

Dated this 6th day of May, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Michael J. Luebke | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI 53701-1808 | Madison, WI 53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| luebke@gcllawyers.com | tedwards@axley.com |