THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

        Plaintiffs,

v.                                            Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

        Defendants.
_____

**TRIAL BRIEF REGARDING APPLICABLE ANALYSIS
FOR LIABILITY UNDER STATE LAW**
_____

This is a collective action under the federal Fair Labor Standards Act ("FLSA") and a class action under the wage and overtime compensation laws of Wisconsin, Minnesota, and Pennsylvania. Through this submission, Plaintiffs set forth the appropriate legal analysis to determine liability as to Plaintiffs' state-law claims that Defendants failed to properly compensate them for work performed. Through a separate submission, Plaintiffs have addressed the appropriate framework for determining the methodology for calculating overtime compensation pursuant to 29 C.F.R. § 778.318(b) and related state law.

**A.     Wisconsin.**

     1.     <u>Coverage.</u>

Under Wisconsin law, an employer "shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week." Wis. Admin. Code § DWD 274.03. It is indisputable that Defendants are "employers" for purposes of Wisconsin law, and that Plaintiffs are qualifying "employees." The term "employer" includes "every person, firm or corporation . . . having control or direction of any person employed at any labor or responsible directly or indirectly for the wages of another." The controlling minimum-wage and overtime regulations apply specifically to piece-rate employees and to employees engaged in commerce. Wis. Admin. Code §§ DWD 272.02, 274.01(5), 274.015. Section 274.04 sets forth a detailed list of exempt employees, and states that the exemptions "shall be interpreted in a such a manner to be consistent with the Federal Fair Labor Standards Act and the Code of Federal Regulations." Wis. Admin. Code § DWD 274.04. Plaintiffs are not exempted under Section 274.04.

     2.     <u>Definition of Compensable Hours Worked.</u>

Employers are obligated to pay employees for all hours worked, which constitute "all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business." Wis. Admin. Code § DWD 272.12(1)(a)(1). In order to apply the "hour worked" principle, Wisconsin adopts the FLSA test that compensable work is all time during which employees are "suffered or permitted to work." Wis. Admin. Code § DWD 272.12(2)(a)(1). Section 272.12(2)(a)(1), in fact, is identical to 29 C.F.R. § 785.11, and states as follows:

> Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He

> may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time.

Wis. Admin. Code § DWD 272.12(2)(a)(1); 29 CFR § 785.11.

In such cases, the question is whether the employer knew or through the exercise of reasonable diligence should have known that a person was performing work on the employer's behalf. Id. Importantly, an employee's motivation for working off the clock (i.e., not reporting time spent working) is "immaterial" under both the FLSA and Wisconsin law. Id.; *see also* Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 537 (S.D. Tex. 2008). Management has the affirmative duty to "exercise its control and see that the work is not performed if it does not want it to be performed." Wis. Admin. Code § DWD 272.12(2)(a)(3). The employer "cannot sit back and accept the benefits [of uncompensated work] without compensating for them." Id.

Like the federal regulations, Wisconsin's administrative code provisions specifically mandate that a number of work activities in this case are compensable. For example, Plaintiffs allege that Defendants failed to compensate them for attendance at mandatory meetings and training programs. Both the FLSA and Wisconsin's administrative code require Defendants to compensate Plaintiffs for these hours provided that attendance is not voluntary. *See* Wis. Admin. Code § DWD 272.12(2)(f)(2); 29 C.F.R. § 785.28. Here, Plaintiffs have gathered overwhelming proof that attendance by technicians at these meetings was anything but voluntary. In addition, both the FLSA and Wisconsin's administrative code require employers to compensate employees for travel time that is "all in a day's work," such as time spent by the employee traveling from job site to job site during the day. Wis. Admin. Code § DWD 272.12(2)(g)(5); 29 C.F.R. § 785.38. Thus, to the extent that Plaintiffs may have underreported hours of travel time that were all in a day's work, such hours are clearly compensable. Finally, the FLSA and Wisconsin law

apply the same test to determine whether certain activities are compensable "principal activities." Wis. Admin. Code § DWD 272.12(2)(e); 29 C.F.R. § 785.24.

       3.      <u>Plaintiffs' Claims.</u>

Plaintiffs allege two distinct causes of action under Wisconsin law: (1) failure to pay overtime compensation; and (2) failure to pay actual wages. (Amended Complaint; Dckt. # 39, pgs. 19-20). Plaintiffs' claims arise under Chapter 109 of the Wisconsin statutes, which grants employees a private cause of action for the recovery of wages. Wis. Stat. § 109.03(5). The statutes define "wages" broadly, to include "remuneration payable to an employee for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay . . . and any other similar advantages agreed upon between the employer and the employee or provided by the employer to the employees as an established policy." Wis. Stat. § 109.01(3). In light of this language, Plaintiffs have an actionable claim for both overtime *and* actual wages. In particular, overtime is specifically included within the definition of "wages", while actual wages are included by virtue of the fact that the definition includes "remuneration payable to an employee for personal services."

While the Court has held that the recovery of so-called "gap time" or "straight time" wages is barred as to Plaintiffs' federal law claims, the same result does not follow under Wisconsin law. First, as described above, Wisconsin law defines recoverable wages broadly, without limitation as to whether the wages were minimum wages or overtime wages. The definition includes "salaries, commissions, holiday and vacation pay," forms of payment which are ordinary paid out at rates significantly higher than minimum wage. This definition is plainly distinguishable from the FLSA, which the Court has held restricts recoverable wages strictly to minimum wages and overtime wages. (Dckt. # 485, pg. 23). The recoverability of actual wages

under Wisconsin law is further buttressed by Wis. Stat. § 109.03(5), which provides employees with a "right of action against any employer for the *full amount* of the employee's wages due." Wis. Stat. § 109.03(5) (emphasis added).  If employees were limited merely to the recovery of minimum and overtime wages, the statute would say so.  It does not.  Moreover, the recoverability of actual wages under § 109.03(5) is supported by case law.  For example, in German v. Wisconsin Dept. of Transp., 2000 WI 62, 235 Wis. 2d 576, 612 N.W.2d 50, state patrol officers brought an action against the Wisconsin Department of Transportation ("DOT"), alleging that the DOT failed to compensate the officers for wages due during 30-minute lunch breaks where they were not fully relieved from duty.  In analyzing the officers' claim, the Court held that the officers' claim for actual wages was one for "remuneration payable to an employee for personal services," and properly brought under Chapter 109.  Id. ¶ 8.  Finally, the fact that Wisconsin law permits recovery for non-overtime gap-time wages is consistent with the well-established principle that states may enact wage and hour laws which provided substantially greater protection than the FLSA.  *See, e.g.*, Truman v. DeWoldd, Boberg & Assoc., Inc., 2009 WL 2015126, at *3 (W.D. Pa. July 7, 2009) ("The FLSA and its regulations . . . permit state laws to offer greater protections than the FLSA."); *see also* 29 U.S.C. § 218(a).  In enacting Sections 109.01(3) and 109.03(5), the legislature clearly intended to do just that.  In light of the above, Plaintiffs have stated a viable claim for the recovery of both overtime and so-called "gap-time" or "straight-time" wages under Wisconsin law.

    4.        Available Remedies.

Under Section 109.11(2), employees are entitled to recover "the amount of wages due and unpaid," along with an additional amount of up to 50% of the wages owed.  Wis. Stat.

5

109.11(2).  A prevailing employee is also entitled to costs and reasonable attorneys' fees.  Wis. Stat. 109.03(6); Jackman v. WMAC Inc. Corp., 610 F. Supp. 290 (D.C. Wis. 1985).

**B.    Minnesota.**

    1.    Coverage.

Under the Minnesota Fair Labor Standards Act ("MFLSA"), which is patterned after the FLSA, an employer may not permit an employee to work more than 48 hours in a given workweek "unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least one-and-one-half times the regular rate at which the employee is employed."  Minn. Stat. § 177.25 (Subd. 1).  This general requirement applies unless the employee is specifically exempted under Minn. Stat. § 177.23 (Subd. 7).  Piece-rate workers are not listed among these exemptions, nor would any of these exemptions apply to Plaintiffs.  *See* Minn. Stat. § 177.23 (Subd. 7).

    2.    Definition of Compensable Hours Worked.

Employers are obligated to pay employees for "all hours worked."  Minn. R. 5200.0120.  This includes "training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment."  Id.  The MFLSA also specifically requires employers to compensate employees for work activities at issue in this case.  For example, Plaintiffs allege that Defendants failed to compensate them for deducted lunch breaks during which they continued to work.  Under the Minnesota Rules, an employer must pay an employee for meal periods that are not bona fide:

> Bona fide meal periods are not hours worked. Bona fide meal periods do not include rest periods such as coffee breaks or time for snacks. The employee must be completely relieved from duty for the purpose of eating regular meals. Thirty minutes or more is ordinarily long enough for a bona

>fide meal period. A shorter period may be adequate under special conditions.

Minn. R. 5200.0120, (Subd. 4).

According to case law, when read in context with Minn. Stat. § 177.254 (Subd. 1), this provision: (1) requires an employer to give a meal break of sufficient length to eat a meal during each eight-hour shift, and (2) permits employers to deduct from hours worked only meal breaks that are bona fide, which generally means that employees are completely relieved from work for at least 30 minutes.  Rios v. Jennie-O Turkey Store, Inc. 793 N.W.2d 309, 314 (Minn. App. 2011).  Here, Plaintiffs specifically allege that Defendants failed to compensate them for lunch periods where they were not relieved from duty.

### 3. Plaintiffs' Claims.

Plaintiffs bring two claims under Minnesota law: (1) for recovery of minimum, actual, and overtime wages under Minn. Stat. §§ 177.24 & 177.25, including but not limited to the recovery of wages owed during periods where Defendants violated the mandatory rest-break and meal-break requirements set forth in Minn. Stat. §§ 177.253 & 177.254; and (2) for the imposition of monetary penalties under Minn. Stat. § 177.27 (Subd. 7) for Defendants' failure to abide by the mandatory rest-break and meal-break requirements described above, as well as their failure to comply with the recordkeeping requirements set forth in Minn. Stat. § 177.30.  *See* Minn. Stat. § 177.27 (Subd. 4) & (Subd. 7).

While the Court has held that the recovery of so-called "gap time" or "straight time" wages is barred as to Plaintiffs' federal law claims, the same result does not follow under Minnesota law.  Minnesota law defines wages broadly, to include "compensation due to an employee by reason of employment." Minn. Stat. § 177.23 (Subd. 4).  As such, the definition is not limited to minimum or overtime wages.  Moreover, under Section 177.27, an employer who

7

pays an employee less than the wages and overtime compensation to which the employee is entitled is liable "for the *full amount of the wages*, gratuities, and overtime compensation," and an additional amount as liquidated damages. Minn. Stat. § 177.27 (Subd. 8) (emphasis added). Had the Minnesota legislature intended to limit an employee's recovery strictly to minimum wages and overtime wages, it would have done so in the statute. Instead, Section 177.27 allows for the *full* recovery of "compensation due to an employee by reason of employment." Given this definitional framework, it is clear that Minnesota law supports the recovery of "gap-time" or "straight-time" wages.

      4.      <u>Available Remedies.</u>

As outlined above, the MFLSA's remedies include full recovery of unpaid wages, an additional equal amount as liquidated damages, equitable relief and attorneys' fees. Minn. Stat. § 177.27 (Subd. 8). Additionally, since Plaintiffs have alleged violations of Minnesota's rest-break, meal-break, and record-keeping requirements, Defendants are potentially liable for civil penalties of up to $1,000 for each violation for each employee. Minn. Stat. § 177.27 (Subd. 7).

**C.**      **Pennsylvania.**

      1.      <u>Coverage.</u>

Plaintiffs seek recovery under Pennsylvania's Minimum Wage Act ("PMWA") and Wage Payment and Collection Law ("WPCL"). Under the PMWA and related regulations, employees "shall be paid for overtime not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek." 34 Pa. Admin. Code § 231.43; *see also* 43 P.S. § 333.104(c). The PMWA applies to all employees and employment unless specifically excluded under 43 P.S. §§ 333.103 – 333.105. *See* 34 Pa. Admin. Code § 231.1. None of these provisions excludes Plaintiffs or Defendants from coverage.

8

The WPCL requires that employers must pay all wages earned by their employees and if employers fail to do so, employees can proceed with a civil cause of action. 43 Pa. Const. Stat. 260.1, *et seq.* The WPCL's definitional structure does not exempt Plaintiffs or Defendants from coverage. The WPCL mandates as follows:

> (a) Wages other than fringe benefits and wage supplements. <u>Every employer shall pay all wages</u>, other than fringe benefits and wage supplements, <u>due to his employees on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period</u>. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period.

43 P.S. § 260.3(a) (emphasis added).

The WPCL recognizes employees' rights to be paid for wages earned by performing services for an employer. To state a claim under the WPCL, a plaintiff must show that he was "contractually entitled to compensation from wages and that he was not paid." Long v. Valley Forge Military Academy Foundation, 2008 WL 5157508, *10 (E.D. Pa. Dec. 8, 2009). The existence of an employment relationship is sufficient to show that there was an employment contract. *See* Engstrom v. John Nuveen & Co., 668 F. Supp. 953, 957 (E.D. Pa. 1987) ("Under Pennsylvania law . . . every employment relationship is a contractual relationship.").

    2.    <u>Definition of Compensable Hours Worked.</u>

Pennsylvania law defines "hours worked" as follows:

> The term includes time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work; provided, however, that time allowed for meals shall be excluded unless the employee is required or permitted to work during that time, and provided further, that time spent

9

>    on the premises of the employer for the convenience of the employee shall
>    be excluded.

34 Pa. Admin. Code § 231.1.

In applying the hours worked principle, Pennsylvania is patterned after the FLSA in defining "employ" as to "suffer or permit to work." 43 P.S. § 333.103(f); *c.f.* 29 CFR § 785.11. Accordingly, it is reasonable to conclude that Pennsylvania law would follow the FLSA insofar as an employee's motivation for working off the clock (i.e., not reporting time spent working) is "immaterial" for purposes of determining whether the hours worked are compensable. *See* 29 CFR § 785.11; Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 537 (S.D. Tex. 2008). Pennsylvania law also follows the FLSA with respect to determining whether certain job activities are compensable principal activities, such as donning and doffing protective gear. *See* Lugo v. Farmers Pride, Inc., 967 A.2d 963, 967-68 (Penn. Sup. Ct. 2009). Accordingly, a similar analysis should follow as to the compensability of the job activities at issue here.

3.   Plaintiffs' Claims.

Plaintiffs seek overtime wages and actual wages under both the PMWA and the WPCL. (Amended Complaint; Dckt. # 39, pgs. 21-22). Under the PMWA, wages include "compensation due to any employee by reason of his or her employment." 43 P.S. § 333.103(d). Similarly, under the WPCL, "wages" are defined to include "all earnings of an employe[e], regardless of whether determined on time, task, piece, commission or other method of calculation." 43 P.S. § 260.2a.

While the Court has held that the recovery of so-called "gap time" or "straight time" wages is barred as to Plaintiffs' federal law claims, the same result does not follow under Pennsylvania law. First, Pennsylvania law defines recoverable wages broadly, without limitation as to whether the wages were minimum wages or overtime wages. Moreover, the recoverability

of gap-time wages is buttressed by the language of relevant PMWA and the WPCL provisions which give rise to private causes of action. For example, under the WPCL, an employee has the right to recover "*all wages*, other than fringe benefits and wage supplements, *due . . . on regular paydays*." 43 P.S. § 260.3(a) (emphasis added).[1] In light of these provisions, it is clear that Pennsylvania law supports the recovery of gap-time wages.

4. <u>Available Remedies.</u>

In addition to permitting the recovery of full unpaid wages, the WPCL permits an employee to recover an additional amount of twenty-five percent (25%) of the total amount of wages due, or five-hundred dollars ($500), whichever is greater. 43 P.S. § 260.10. Both the PMWA and WPCL provides for an award of attorney's fees. *See* 43 P.S. § 333.113; 43 P.S. § 260.9a(f) & (g).

Respectfully submitted this 6th day of May, 2011.

| GINGRAS, CATES & LUEBKE | AXLEY BRYNELSON, LLP |
|---|---|
| /s/ Robert J. Gingras | /s/ Timothy D. Edwards |
| Robert J. Gingras | Michael J. Modl |
| Eric J. Haag | Timothy D. Edwards |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| 8150 Excelsior Drive | 2 E. Mifflin Street, Ste. 200 |
| Madison, WI 53701-1808 | Madison, WI 53703 |
| (608) 833-2632 | (608) 257-5661 |
| gingras@gcllawyers.com | mmodl@axley.com |
| haag@gcllawyers.com | tedwards@axley.com |

---

[1] Plaintiffs do not seek the recovery of "fringe benefits and wage supplements," and it is indisputable that such compensation is not at issue in this case.