**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

        Plaintiffs,

v.                                          Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

        Defendants.

_____

**TRIAL BRIEF REGARDING THE PROPER METHOD FOR**
**CALCULATING OVERTIME UNDER 29 C.F.R. § 778.318(b),**
**AND PRINCIPLES OF PAYMENT FOR OVERTIME**
**UNDER APPLICABLE STATE LAW**

_____

       This case addresses Defendants' failure to pay Plaintiffs significant amounts of overtime compensation, in violation of both federal and state law, and the proper method for calculating overtime compensation for unpaid hours.  Plaintiffs also allege that to the extent that Defendants have actually paid overtime compensation, the method which they utilized violates federal and state law.  The purpose of this submission is to provide the legal framework necessary to resolve two issues related to these claims.  First, this submission sets forth the proper method for calculating overtime under 29 C.F.R. § 778.318(b), the regulation which will control the payment of overtime to Plaintiffs in the event that the jury determines that there was no agreement that Plaintiffs' piece-rate payments compensated them for both productive and non-

productive hours of work.  Second, this submission describes the manner in which Plaintiffs'

overtime compensation must be calculated under Wisconsin, Minnesota, and Pennsylvania law.

**A.      Proper Method for Calculating Overtime Under 29 C.F.R. § 778.318(b).**

Resolution of the proper method for calculating overtime under § 778.318(b) hinges on a

threshold factual issue.  Quite simply, if the jury determines that Plaintiffs and Defendants

reached an agreement that Plaintiffs' piece-rate payments compensated them for both productive

and non-productive time, then Plaintiffs are owed overtime at half-time rates for all hours over

40 pursuant to § 778.318(c).  If the jury determines that no such agreement was reached,

Plaintiffs are to be compensated pursuant to the final sentence of § 778.318(b), under

methodologies discussed further below.  In its summary judgment order, the Court agreed with

this analytical approach, noting that in the absence of such an agreement, employees are owed

overtime compensation pursuant to the final sentence of § 778.318(b).  (*See* Dckt. # 485, pg. 63)

(*citing* 29 C.F.R. § 778.318(b); 29 U.S.C. § 201(a)(1)).  As part of its order, the Court requested

further guidance as to the correct methodology for calculating the overtime rate under §

778.318(b).  (Dckt. # 485, pg. 64 n.1).  This methodology is explained below.

The FLSA allows an employer to calculate employee compensation on a piece-rate basis.

The general regulation addressing piece-rate pay provides as follows:

> When an employee is employed on a piece-rate basis, his regular hourly
> rate of pay is computed by adding together his total earnings for the
> workweek from piece rates and all other sources (such as production
> bonuses) and any sums paid for waiting time or other hours worked
> (except statutory exclusions):  This sum is then divided by the number of
> hours worked in the week for such compensation was paid, to yield the
> piece-worker's "regular rate" for that week.  For his overtime work the
> piece-worker is entitled to be paid, in addition to his total weekly earnings
> at his regular rate for all hours worked, a sum equivalent to one-half this
> regular rate of pay multiplied by the number of hours worked in excess of
> 40 in the week.

29 C.F.R. § 778.111(a).

Where an employee, who is paid on a piece-rate basis, performs both productive and non-productive hours of work, compensation is determined under 29 C.F.R. § 778.318, which provides as follows:

(a)   Failure to pay for nonproductive time worked.  Some agreements provide for payment only for the hours spent in productive work; the work hours spent in waiting time, time spent in travel on the employer's behalf or similar nonproductive time are not made compensable and in some cases are neither counted nor compensated.  Payment pursuant to such an agreement will not comply with the Act; such nonproductive working hours must be counted and paid for.

(b)   Compensation payable for nonproductive hours worked.  The parties may agree to compensate nonproductive hours worked at a rate (at least the minimum) which is lower than the rate applicable to productive work.  In such a case, the regular rate is the weighted average of the two rates, as discussed in Sec. 778.115 and the employee whose maximum hours standard is 40 hours is owed compensation at his regular rate for all of the first 40 hours and at a rate not less than one and one-half times this rate for all hours in excess of 40.  (See Sec. 778.415) for the alternative method of computing overtime pay on the applicable rate.)  In the absence of any agreement setting a different rate for nonproductive hours, the employee would be owed compensation at the regular hourly rate set for productive work for all hours up to 40 and at a rate at least one and one-half times that rate for hours in excess of 40.

(c) Compensation attributable to both productive and nonproductive hours.  The situation described in paragraph (a) of this section is to be distinguished from one in which such nonproductive hours are properly counted as working time but no special hourly rate is assigned to such hours because it is understood by the parties that the other compensation received by the employee is intended to cover pay for such hours.  For example, while it is not proper for an employer to agree with his pieceworkers that the hours in down-time (waiting for work) will not be paid for or will be neither paid for nor counted, it is permissible for the parties to agree that the pay the employees will earn at piece rates is intended to compensate them for all hours worked, the productive as well as the nonproductive hours.  If this is the agreement of the parties, the regular rate of the pieceworker will be the rate determined by dividing the total piecework earnings by the total hours worked (both productive and nonproductive) in the workweek. Extra compensation (one-half the rate as

3

determined) would, of course, be due for each hour worked in excess of the applicable maximum hours standard.

29 C.F.R. § 778.318

Each of these subsections is relevant to the issue at hand. First, subsection (a) makes clear that non-productive working hours must be counted and paid. Subsections (b) and (c) address agreements regarding payment for non-productive time. Under subsection (c), an employer and employee can agree that payment for productive time will compensate the employee for *both* productive and non-productive time. When such an agreement exists, the regular rate of pay is determined by dividing total compensation for the workweek by the sum of productive and non-productive hours, and the employer must compensate hours in excess of 40 at one-half the regular rate of pay. Under subsection (b), an employer and employee may agree to a specific rate of pay for non-productive hours which may be less than the rate paid for productive hours.[1] However, in the absence of any such agreement, the employee is "owed compensation at the regular rate set for productive work for all hours up to 40 and at a rate of at least one and one-half times the rate for hours in excess of 40."  29 C.F.R. § 778.318(b). Subsection (c), which permits an employer to pay overtime at half-time rates, does not apply here because Plaintiffs allege that there was no agreement that piece-rate payment was intended to compensate technicians for both productive and non-productive hours.

If there was in fact no agreement that Plaintiffs' piece-rate payments compensated them for both productive and non-productive hours, § 778.318(b) must govern the payment of

---

[1]   This occurred for Plaintiffs in October 2009 as to meeting time, training time and time spent picking up equipment at the warehouse where Defendants set hourly rates of $8.00, $10.00 or $12.00 per hour for these non-productive tasks.

overtime to Plaintiffs.[2]  The Court's summary judgment order explicitly recognizes this rule. (*See* Dckt. # 485, pg. 63).  Applying § 778.318(b) to yield the proper amount of overtime compensation involves a two-step inquiry.

      1.    <u>Regular Rate of Pay.</u>

The first step is to determine the applicable regular rate of pay.  The final sentence of § 778.318(b) states that an employee is "owed compensation at the *regular hourly rate set for productive work* for all hours up to 40 and at a rate at least one and one-half times that rate for hours in excess of 40."  29 C.F.R. § 778.318(b) (emphasis added).  Thus, to determine a regular rate of pay under § 778.318(b), an employer must divide an employee's total weekly compensation by total hours of <u>productive</u> work.  This approach is consistent with the approach taken by the Department of Labor ("DOL").[3]  According to the DOL, once a regular hourly rate for productive work is established, an employee is compensated for hours of non-productive work by multiplying total non-productive hours by the regular rate for productive work. Payment for overtime hours is then determined by multiplying total overtime hours by one-half of the regular rate for productive work.

Application of this method is clearly appropriate when viewed in the context of the method used under § 778.318(c), which applies when employers and employees have reached an agreement that the employees' piece-rate compensation constitutes payments for *both* productive

---

[2]    While Plaintiffs do not dispute that as of October 4, 2009, the parties agreed that a limited set of nonproductive tasks – including training and meeting time – would be compensated at the hourly rates of $8.00, $10.00, or $12.00, Plaintiffs allege that the parties have not reached a similar agreement with respect to the multitude of other nonproductive work activities at issue.  Because the parties have not reached an agreement that these nonproductive tasks are to be compensated on an hourly basis, in accordance with the final sentence of 29 C.F.R. § 778.318(b), Plaintiffs are owed compensation at the regular hourly rate set for productive work for all hours up to 40, and at a rate at least one and one-half times that rate for hours in excess of 40.  Similarly, Plaintiffs allege that technicians have continued to underreport productive hours since October of 2009, and seek judgment that these uncompensated overtime hours must be compensated at time-and-one-half rates.

[3]    This information was gathered from telephone conferences with DOL representatives on May 4 and May 6, 2011.  The representatives described this approach as the DOL's internal methodology.

time and non-productive time.  In such a case, the regular rate of pay is calculated by dividing the total weekly compensation by the total weekly hours worked, both productive and non-productive.  Kearns, <u>The Fair Labor Standards Act</u> § 10-46 (2d. ed) (*citing* Wage & Hour Admin. Op. FLSA 2001-12 (May 1, 2001)).  Calculating the regular rate in this fashion makes sense because the employees have agreed that their total compensation represents compensation for all forms of work, both productive and non-productive.  Hence, their agreed-upon pay is inherently the by-product of productive and non-productive work, and their regular rate of pay must accordingly be derived by dividing their total compensation by the sum of both productive and non-productive hours.

This same logic helps buttress the conclusion that in the context of 29 C.F.R. § 778.318(b), where the employer and employee have not agreed that piece-rate compensation represents payment for both productive and non-productive tasks, an employee's regular rate of pay is determined by dividing total compensation by productive hours only.  This is so because in effect, the employee's total compensation is understood to be earned solely from working productive hours.  The employer and employee and have reached no agreement with respect to the compensation of non-productive hours.  Therefore, to compensate for such hours, the DOL mandates that the employer must pay non-productive hours at the regular rate set for productive work.  Payment for overtime hours is then determined by multiplying total overtime hours by one-half of the regular rate for productive work.

A second and less appropriate approach would be to determine the regular rate by dividing each Plaintiff's total weekly compensation by the total hours worked, both productive and non-productive.  This approach mirrors the method used under 29 C.F.R. § 778.109, which addresses the general formula for determining the regular rate.  Under § 778.109, "[t]he regular

hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109. While this approach may simplify the calculation of damages to a degree by lumping together productive and non-productive time, it will necessarily shortchange Plaintiffs by failing to compensate them for some non-productive time, as shown in the attached chart.  (*See* **Exhibit "A"**).

 2. <u>Application of the Regular Rate.</u>

 The second step in applying § 778.318(b) is to determine how hours are compensated once the employer determines the appropriate regular rate.  Under the approach followed by the DOL, once a regular hourly rate for productive work is established, an employee is compensated for hours of non-productive work by multiplying total non-productive hours by the regular rate for productive work.  Payment for overtime hours is then determined by multiplying total overtime hours by one-half of the regular rate for productive work.  An alternative approach is to simply multiply all hours in excess of 40 by one-and-one-half times the regular rate.  While this method is inconsistent with the DOL's approach, it is simple to administer and finds support in the language § 778.318(b).  Specifically, the final sentence of § 778.318(b) states that an employee is owed compensation at "at least one and one-half times [the regular rate] *for hours* in excess of 40*.*"  29 C.F.R. § 778.318(b) (emphasis added).  A reasonable reading of this provision is that for <u>all</u> hours in excess of 40 – regardless of whether such hours represent productive or non-productive work – compensation must be paid at one and one-half times the regular rate. While easy to administer, the shortcoming of this method is that it deprives Plaintiffs of compensation for a portion of their non-productive time.  (*See* **Exhibit "A"**).

Accordingly, under § 778.318(b), if the jury finds no agreement between Plaintiffs and Defendants that Plaintiffs' piece-rate payments compensated them for both productive and non-productive time, Defendants were required to compensate Plaintiffs pursuant to the method set forth in the final sentence 29 C.F.R. § 778.318(b). This method can be implemented in one of two ways. First, under the approach best supported by the language of § 778.318(b) and followed by the DOL, an employer must determine a regular hourly rate for productive work, determined by multiplying an employee's total weekly earnings by productive hours. Once a regular hourly rate for productive work is established, an employee is compensated for hours of non-productive work by multiplying total non-productive hours by the regular rate for productive work. Payment for overtime hours is determined by multiplying total overtime hours by one-half of the regular rate for productive work. A second approach to implementing the final sentence of § 778.318(b) is to determine the regular rate by dividing total compensation by the sum of both productive and non-productive hours. Payment for overtime hours is then determined by multiplying total overtime hours by one and one-half times the regular rate. Alternatively, if the jury determines that Plaintiffs and Defendants did in fact agree that Plaintiffs' piece-rate payments compensated them for both productive and non-productive time, Defendants were required to compensate Plaintiffs for overtime pursuant to 29 C.F.R. § 778.318(c). Detailed calculations using all three of these methodologies are set forth in **Exhibit "A"**.

## B. Principles of Payment for Overtime Under Applicable State Law.

Plaintiffs also seek judgment that Defendants have violated Wisconsin, Minnesota, and Pennsylvania law by improperly calculating Plaintiffs' overtime rate of pay. The purpose of this section is to provide the analytical framework that the Court must apply in evaluating these state-law claims.

1.    <u>Wisconsin.</u>

Under Wisconsin law, employees are to be paid for hours worked, which constitute "all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business." Wis. Admin. Code § DWD 272.12(1)(a)(1).    The controlling minimum-wage and overtime regulations apply specifically to piece-rate employees and to employees engaged in commerce, and thus include Plaintiffs.  Wis. Admin. Code §§ DWD 272.02, 274.01(5), 274.015.  Under § 274.03, an employer "shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."  Wis. Admin. Code § DWD 274.03.   While § 274.04 sets forth a detailed list of exemptions to this general rule, none of these exemptions apply to the case at hand.  Thus, as a threshold matter, Plaintiffs are subject to the rule that overtime must be compensated at time-and-one-half the regular rate of pay.

The formula for determining the rate of pay under Wisconsin law has been promulgated by the Department of Workforce Development ("DWD"), the agency charged by the legislature with the responsibility for devising rules regulating employee wages.  *See* Wis. Stat. § 103.02. Pursuant to its authority, the DWD has enacted administrative code provisions related to overtime pay and issued a publication which specifically articulates how to calculate the regular rate of pay.  *See* Wis. Admin. Code §§ DWD 274.03, 274.04; DWD Publication ERD-8298, *available at* http://dwd.wisconsin.gov/dwd/publications/erd/pdf/ERD_8298_PWEB.pdf.    This calculation, which specifically applies to piece-rate payments, is as follows:

> "Regular Rate of Pay" is defined as the employee's rate of pay per hour.
> An employer may choose to pay employees on a salary, commission,
> piece rate or other basis, but for purposes of calculating overtime pay for
> an employee, the employee's wages must be converted into an hourly rate
> of pay.  This can be accomplished by dividing the total hours an employee
> actually works in a pay period into the total regular wages the employee is

> paid in that pay period (regular wages would include hourly wages, commission, piece rate pay, bonuses, etc.).

(DWD Publication ERD-8298, at pg. 4).

This method appears identical to the method for determining the regular rate of pay under 29 C.F.R. § 778.109. Specifically, under the Wisconsin method – as under the method used in § 778.109 – total compensation is divided by total hours worked (irrespective of whether such hours are productive or non-productive hours) to yield a regular rate of pay. Under Wis. Admin. Code § DWD 274.03, the amount of overtime compensation due to the employee is calculated by multiplying one-and-one-half the regular rate of pay by the total number of hours in excess of 40 per week, without reference to whether such hours are productive or non-productive hours. Specifically, under § 274.03, an employee is owed compensation at time-and-one-half "for *all hours* worked in excess of 40 hours per week." Wis. Admin. Code § DWD 274.03 (emphasis added). Thus, to resolve Plaintiffs' claim that Defendants violated Wisconsin state law by improperly calculating Plaintiffs' overtime rate, the Court should calculate the regular rate of pay by diving both productive and non-productive hours into total compensation, and then calculating overtime by multiplying total hours worked in excess of 40 by one and one-half times the regular rate.

    2.   <u>Minnesota.</u>

Under the Minnesota Fair Labor Standards Act ("MFLSA"), which is patterned after the FLSA, an employer may not permit an employee to work more than 48 hours in a given workweek "unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least one-and-one-half times the regular rate at which the employee is employed." Minn. Stat. § 177.25 (Subd. 1). This general requirement applies unless the employee is specifically exempted under Minn. Stat. § 177.23 (Subd. 7). Piece-rate workers are

not listed among these exemptions, nor would any of these exemptions apply to Plaintiffs.  *See* Minn. Stat. § 177.23 (Subd. 7).  Minnesota law also follows 29 C.F.R. § 778.109 and Wisconsin law with respect to the calculation of Plaintiffs' regular rate of pay.  Under Minnesota law, "[i]n calculating overtime compensation due, the regular rate of pay is determined by dividing the employee's remuneration in any workweek by the total hours worked."  Minn. Rule 5200.0130.

In light of this authority, the application of Minnesota law is straightforward.  Under Minnesota law, each Plaintiff's regular rate is determined by dividing his or her total weekly compensation by total hours worked, without regard for whether the hours are productive or non-productive.  Overtime compensation is determined by multiplying one-and-one-half times the regular rate by the total overtime hours, including both productive and non-productive hours.

3.   Pennsylvania.

Pennsylvania's Minimum Wage Act ("PMWA") follows the same analytical framework. Under the PMWA and its related regulations, employees "shall be paid for overtime not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek."  34 Pa. Admin. Code § 231.43; *see also* 43 P.S. § 333.104(c).  A workweek is defined to mean "a period of 7 consecutive days starting on any day selected by the employer. Overtime shall be compensated on a workweek basis regardless of whether the employee is compensated on an hourly wage, monthly salary, piece rate or other basis."  34 Pa. Admin. Code § 231.42.  While the PMWA sets forth numerous exemptions at 43 P.S. § 333.105(a) – (c), none involve piece-rate systems of pay or are otherwise applicable to Plaintiffs.[4]  Pennsylvania's

---

[4]   Under 34 Pa. Admin. Code § 231.43(b), if the employee is paid "a flat sum  . . . for doing a particular job without regard to the number of hours worked in the day or at the job and he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at the pay rates or job rates in the workweek and dividing by the total hours actually worked.  He is then entitled to extra half-time pay at this rate for hours worked in excess of 40 in the workweek."  This provision, which is identical to the job-rate regulation under 29 C.F.R. § 778.112, is inapplicable because Plaintiffs' are paid pursuant to a piece-rate system rather than a job rate system.  In their motion for summary judgment, Defendants

Administrative Code follows the state laws discussed above in defining the regular rate of pay as including "all remuneration for employment paid to or on behalf of the employee," minus certain exemptions which are not applicable here.  34 Pa. Admin. Code § 231.43.

Given this background, the application of Pennsylvania law is straightforward.  Under Pennsylvania law, the regular rate is determined by dividing total remuneration by total hours worked.  Overtime must then be paid out at the rate of one and one-half times the regular rate for "*all* hours in excess of 40 hours in a workweek."  34 Pa. Admin. Code § 231.43 (emphasis added).

Respectfully submitted this 6th day of May, 2011.

GINGRAS, CATES & LUEBKE                     AXLEY BRYNELSON, LLP

/s/ Robert J. Gingras                               /s/ Timothy D. Edwards
Robert J. Gingras                                   Michael J. Modl
Eric J. Haag                                        Timothy D. Edwards
Attorneys for Plaintiff                             Attorneys for Plaintiff
8150 Excelsior Drive                                2 E. Mifflin Street, Ste. 200
Madison, WI  53701-1808                             Madison, WI  53703
(608) 833-2632                                      (608) 257-5661
gingras@gcllawyers.com                              mmodl@axley.com
haag@gcllawyers.com                                 tedwards@axley.com

---

attempted to argue that their compensation system was a job-rate system dictated by 29 C.F.R. § 778.112. The Court rejected this argument, and should reject any similar argument as to 34 Pa. Admin. Code § 231.43(b).  (Dckt. #485, pg. 61).