UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON ESPENSCHEID,
GARY IDLER, and MICHAEL CLAY,
on behalf of themselves and a
class of employees and/or
former employees similarly situated,
        Plaintiffs,

v.

DIRECTSAT USA, LLC and
UNITEK USA, LLC,
        Defendants.

Case No. 09-cv-625

---

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO ROUTING AND VEHICLE MAINTENANCE

---

Defendants DirectSat USA, LLC and UniTek USA (collectively, "Defendants"), by and through their undersigned attorneys, respectfully move *in limine* to preclude Plaintiffs from introducing evidence or making reference to time spent by Plaintiffs on receiving and mapping their routes or performing vehicle checks and maintenance.

In this Court's April 11, 2011 Partial Summary Judgment Opinion, the Court granted Defendants' Motion for Summary Judgment as to the time Plaintiffs spent receiving and mapping routes and performing vehicle maintenance. (Dkt. No. 485 at 51-52 ("I conclude that the time plaintiffs spent receiving and mapping routes and performing vehicle checks and maintenance are not compensable under the FLSA because they are barred by the Portal-to-Portal Act.")). Accordingly, testimony or evidence relating to time spent by Plaintiffs performing these tasks is not relevant to Plaintiffs claims and must be excluded pursuant to

Federal Rules of Evidence 402 and 403.

Rule 402 provides that "evidence which is not relevant is not admissible." "Relevant evidence," pursuant to Rule 401, is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Because evidence relating to the time spent by Plaintiffs routing their jobs or performing vehicle maintenance will not, as a matter of law, "make the existence of any fact that is of consequence to the determination of the action" more or less probable, the evidence is inadmissible as irrelevant. See Fed. R. Civ. P. 56(g) (providing that where a court does not grant all of the relief requested, "it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case") (emphasis added); see e.g., Gilmore v. Macy's Retail Holdings, 2009 WL 140518, *7-9 (Jan. 20, 2009) (granting a defendant's motion in limine to exclude evidence relating to claims and issues which the court had resolved in defendant's favor at summary judgment).

In the alternative, even if the Court were to determine that the evidence had some probative value to Plaintiffs' claims, the evidence must nonetheless be excluded pursuant to Rule 403, as any probative value would be substantially outweighed by a risk of confusion of issues, misleading the jury, and waste of time. Rule 403 provides that evidence which is "relevant" may nonetheless be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Because Plaintiffs' claims relating to the time spent receiving and mapping routes and performing vehicle maintenance are barred as a matter of law, the presentation of evidence relating to those claims will only serve to confuse the issues presented in an already complicated case, mislead the jury

as to Plaintiffs' remaining claims, cause undue delay by presenting evidence which can not further Plaintiffs' claims, and waste the Court's time. Specifically, allowing the jury to consider testimony of time allegedly spent routing jobs and performing vehicle maintenance will unfairly prejudice Defendants by presenting testimony about time that Plaintiffs claim they were not compensated for but which this Court has already held are not compensable under the FLSA. Accordingly, the evidence must be excluded pursuant to Rule 403.

In sum, any evidence relating to time spent by Plaintiffs receiving and routing routes and maintaining their vehicles is inadmissible.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Colin D. Dougherty |
| OF COUNSEL: | Frederick P. Santarelli |
|  | Eric J. Bronstein |
|  | John P. Elliott |
| ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C. | Colin D. Dougherty |
|  | Gregory S. Voshell |
|  | Union Meeting Corp. Ctr. |
|  | 925 Harvest Dr., Suite 300 |
|  | Blue Bell, PA 19422 |
|  | (215) 977-1000 |
|  |  |
|  | Laura Skilton Verhoff |
|  | Drew J. Cochrane |
| STAFFORD ROSENBAUM LLP | 222 W. Washington Ave., Suite 900 |
|  | Madison, Wisconsin 53701-1784 |
|  | (608) 256-0226 |
|  |  |
| DATED: May 6, 2011 | *Counsel for Defendants* |