UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

———————————————————————

AARON ESPENSCHEID,
GARY IDLER, and MICHAEL CLAY,
on behalf of themselves and a
class of employees and/or
former employees similarly situated,
        Plaintiffs,

v.

DIRECTSAT USA, LLC and
UNITEK USA, LLC,
        Defendants.

Case No. 09-cv-625

———————————————————————

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' DECLARATIONS AND PROPOSED USE OF UNAUTHENTICATED SUMMARIES

Defendants DirectSat USA, LLC and UniTek USA (collectively, "Defendants"), by and through their undersigned attorneys, respectfully move *in limine* to preclude Plaintiffs from introducing as evidence at trial Plaintiffs' declarations and summaries of Plaintiffs' declarations.

Plaintiffs' declarations constitute hearsay pursuant to Rule 801 of the Federal Rules of Evidence, and fail to satisfy any of the hearsay exceptions, thereby requiring their exclusion as evidence at trial. Plaintiffs' proposed use of summaries of their declarations furthermore constitute double hearsay, and accordingly may not be admitted as a "summary" pursuant to Rule 1006.

I.  **Plaintiffs' Declarations Constitute Inadmissible Hearsay**

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." "Statements" include oral and written assertions. Rule 801(a). Plaintiffs propose to admit at trial their prior written declarations as evidence of their claims. Plaintiffs' proposed use of their prior declarations clearly falls within the definition of hearsay, and accordingly, pursuant to Rule 802, the declarations are inadmissible. Rule 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

> a. **Plaintiffs' Declarations are Not Admissible Under the Hearsay Exceptions, as Plaintiffs are Not "Unavailable" and Their Statements Do Not Meet Any Of The Exceptions Of Rule 804**

Plaintiffs' declarations do not fall under any of the hearsay exceptions delineated in the Federal Rules of Evidence. *E.g.*, 803(1),(5),(6) (excepting from the hearsay rule present sense impressions,[1] recorded recollections,[2] and records of regularly conducted activity,[3] none of

---

[1] *U.S. v. Woods*, 301 F.3d 556, 562 (7th Cir. 2002) (reasoning that to be admissible as a present sense impression, a statement "describing or explaining an event or condition" must be made "while the declarant was perceiving the event or condition, or immediately thereafter," and that the court should also consider whether the statement is made "without 'calculated narration;'" "a declarant who deliberates about what to say or provides statements for a particular reason creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions").

[2] *Sieber v. Wigdahl*, 704 F. Supp. 1519, 1525 (N.D. Ill. 1989) (holding that exception applies only when the declarant testifies as a witness, either at trial or in a deposition that is then admitted as evidence at trial); *see Overton v. City of Harvey*, 29 F. Supp. 2d 894, 901 (N.D. Ill. 1998) (reasoning that for a document to be admissible as a recorded recollection, the party seeking to admit the document must show "that (1) the record concerns a matter about which the **witness** once had knowledge but now has insufficient recollection to testify fully and accurately and (2) the witness made or adopted the record when the matter was fresh in the witness' memory and the record reflects that knowledge correctly;" where a witness testifies in his deposition regarding the matter contained in the document, the witness does not have an "insufficient recollection" within the rule) (emphasis added).

[3] *Lust v. Sealy, Inc.*, 383 F.3d 580, 588 (7th Cir. 2004) (holding that a memo created by a defendant's

which can be said to apply to Plaintiffs' declarations).[4] Defendants anticipate that Plaintiffs will assert that the declarations are admissible as statements of unavailable witnesses. Such an argument fails for two reasons, however: Plaintiffs are parties, and accordingly cannot be "unavailable" pursuant to Rule 804(a)(5), and Plaintiffs' declarations do not meet any of the criteria of the hearsay exceptions of Rule 804(b).

Plaintiffs to an FLSA collective action are party plaintiffs. See 29 U.S.C. § 216(b) (stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party . . . ." (emphasis added)). As the Eleventh Circuit has explained, "[t]he [FLSA] does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003); see Renfro v. Spartan Comp. Servs., Inc., 2008 WL 821950, *2 (D. Kan. Mar. 26, 2008); Kruegar v. New York Tel. Co., 163 F.R.D. 446 (S.D.N.Y. 1995); see also Cornn v. UPS, 2008 WL 2642540, *3 (N.D. Cal. Sept. 14, 2006) ("The affirmative opt-in requirement for class actions brought under § 216(b), compared to Rule 23's opt-out requirement, represents a significant procedural difference. By affirmatively electing to opt-in, class members under §216(b) have agreed to participate in the litigation to an extent that class

---

agent after a plaintiff-employee complained of discriminatory treatment was not a "record of regularly conducted activities," because they were not "created as a part of the regular recordkeeping processes of the [defendant]," but rather "their only purpose was to create evidence for use in [the] anticipated lawsuit, and that purpose disqualifies them from admission as business records").

[4] Plaintiffs' declarations also cannot constitute an "admission by party-opponent" pursuant to Rule 801(d)(1), as that hearsay exception only permits the use of prior statements by a party when "offered **against**" the party. Because **Plaintiffs** seek the admission of their **own** declarations, Rule 801(d)(1) is inapplicable.

3

members under Rule 23 have not.").[5]

To be "unavailable" pursuant to Rule 804(a)(5), a declarant must be "absent from the hearing" and the proponent of the statement must have been "unable to procure the declarant's attendance . . . by process or by other reasonable means." Because the author of each declaration is a Plaintiff, Plaintiffs may "compel" the declarant's attendance at trial – the fact that a Plaintiff-declarant resides more than 100 miles from the district court does not permit a subpoena to that Plaintiff-declarant to be quashed, as the distance limitation applies only to non-parties.  Fed. R. Civ. Proc. 45(c)(3)(A)(ii) ("On timely motion, the issuing court must quash or modify a subpoena that: . . . requires a person **who is neither a party nor a party's officer** to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person") (emphasis added).  See Venzor v. Chavez Gonzalez, 968 F. Supp. 1258, 1267 (N.D. Ill. 1997) (holding that Rule 804's requirement that a declarant be unavailable is not met when the declarant is a party who resides and works outside the 100-mile range of Rule 45: "that limitation on a trial subpoena applies only to a 'person who is **not** a party'") (emphasis in original)); Clark v. Wilkin, 2008 WL 648542, *1-2 (D. Utah March 10, 2008) (holding that the 100 mile rule of Rule 45 does not apply to parties, reasoning that "Parties to a suit have great interest in its outcome; therefore the purpose behind the 100 mile rule does not apply to them").  Plaintiffs are not "unavailable," they are unwilling.

Indeed, the notice approved by this Court specifically warned Plaintiffs that as an "effect" of electing to participate in this action, they may be required to "provide information or documents, appear for a deposition, **testify at trial** or otherwise participate in this action." Dkt. No. 140 at 20 (emphasis added).  Moreover, Plaintiffs themselves vigorously asserted that the

---

[5] Unlike Rule 23, § 216(b) collective actions are not "representative" actions.  Rather, § 216(b) merely permits similarly situated individuals to assert their own claims in a collective manner.

Western District of Wisconsin was a convenient forum for adjudication of this suit. Dkt. No. 53 at 21-28 ("More than 2,100 potential plaintiffs – or 40.8% of the FLSA national class – reside in the Midwestern states of Wisconsin, Illinois, Indiana, Michigan, Minnesota and Missouri, each of which are significantly closer to the Western District of Wisconsin than the Eastern District of Pennsylvania . . . The Western District of Wisconsin is accordingly more convenient . . . with respect to plaintiffs' witnesses"). Plaintiffs <u>fought</u> to bring this action in this district; they cannot now be heard to complain that it is <u>inconvenient</u> for individual Plaintiffs to travel to the forum to testify in support of their <u>own</u> claims.

Lastly, Plaintiffs' declarations do not satisfy any of the exceptions of Rule 804: their declarations do not constitute "former testimony,"[6] as they are not testimony taken from another proceeding or deposition; they are not "statement[s] under belief of impending death;" they are not "statement[s] against interest;"[7] they are not "statement[s] of personal or family history;" and they do not fall under the exception of "forfeiture by wrongdoing."

### b. Plaintiffs' Declarations Are Not Admissible Under The Residual Hearsay Exception, Rule 807

Plaintiffs' declarations also fail to satisfy the requirements of Rule 807, the "residual exception." Rule 807 provides that a statement that does not fall under Rules 803 or 804 may nonetheless be admissible if it has "equivalent circumstantial guarantees of trustworthiness," if the court determines that, "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which

---

[6] Rule 804(b)(1) requires that the "testimony" be given at a hearing or deposition where "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination."

[7] Rule 804(b)(3) provides that a statement is admissible as a "statement against interest" only if it is "so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or expose the declarant to civil or criminal liability," that the declarant would have made the statement only if the declarant believed it to be true.

5

the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence." Thus, for evidence to be admissible under Rule 807, the Seventh Circuit requires "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." State Financial Bank v. City of South Milwaukee, 2006 WL 2691604, *4 (E.D. Wis. Sept. 20, 2006). The Seventh Circuit also cautions courts to "construe Rule 807 narrowly to prevent it from becoming the exception that swallows the hearsay rule." Id.

When determining whether a statement bears sufficient "guarantees of trustworthiness," a court "should examine, among other factors: (1) the probable motivation of the declarant in making the statement; (2) the circumstances under which it was made; and (3) the knowledge and qualifications of the declarant." Stolarczyk ex rel. Estate of Stolarczyk v. Senator Intern. Freight Forwarding, LLC, 376 F. Supp. 2d 834, 841 (N.D. Ill. 2005). In Stolarczyk, the court refused to admit statements contained in the plaintiff's EEOC charge, despite the fact that they were made under penalty of perjury and concerned a subject within the declarant's personal knowledge, because,

> The statements contained in the documents are favorable to [plaintiff] and to her alone, and she had substantial motivation, with all respect, to embellish, as she clearly appreciated that she was laying out her litigation position. . . [plaintiff] was never subject to cross-examination by anyone concerning the statements and there is nothing inherently trustworthy about the statements.

Id. at 841-42.

Here, Plaintiffs' declarations fail to satisfy Rule 807 because they contain no "equivalent circumstantial guarantees of trustworthiness." Like the EEOC charge in Stolarczyk, Plaintiffs' declarations are self-serving statements made with absolutely no guarantee of veracity and in furtherance of Plaintiffs' litigation position. Plaintiffs accordingly could "characterize their

6

experiences without a realistic fear of direct rebuttal." Johnson v. Big Lots, Inc., 561 F. Supp. 2d 567, 586 (E.D. La. 2008). Indeed, several of Plaintiffs' declarations have been proven to be false.[8]

Moreover, Plaintiffs' declarations are not more probative than any other evidence which Plaintiffs could procure through reasonable efforts: Plaintiffs' direct testimony would be far more probative and reliable. See Versatile v. Johnson, 2011 WL 1167440, *4 (E.D. Va. March 28, 2011) (holding that a signed affidavit by a potential witness who did not testify did not satisfy the requirement that the evidence be more probative than any other evidence which can be procured through reasonable methods, as the affidavit "is less probative than [witness's] live testimony subject to cross-examination would have been," and the testimony could have been procured through reasonable efforts).

## II. Plaintiffs' Proposed Summaries Constitute Double Hearsay, and Accordingly Are Not Admissible As Summaries Pursuant to Rule 1006

As discussed above, Plaintiffs' declarations constitute inadmissible hearsay. Accordingly, Plaintiffs cannot rely on Rule 1006[9] to submit summaries of their declarations as evidence: such a summary would constitute double hearsay, as a statement by Plaintiffs' counsel of Plaintiffs' prior (hearsay) statements which is offered to prove the truth of the matter asserted. In compiling the summaries, Plaintiffs' and their counsel will necessarily make judgments about what information to include and what information to omit – these subjective, undisclosed and unreviewable decisions cast an additional cloud of unreliability over declarations which are

---

[8] Defendants provided a catalogue of some of the discrepancies between Plaintiffs' declarations, depositions, and the documentary evidence at Dkt. No. 344 at 61-65.

[9] Rule 1006 provides that the "contents of voluminous writings . . .which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation." Rule 1006, however, relates to the form in which documents are admitted as evidence, and cannot cure Plaintiffs' hearsay barrier.

themselves lacking in guarantees of trustworthiness.  Indeed, the submission of unverified "summaries" of Plaintiffs' declarations crafted by Plaintiffs' counsel essentially amounts to a proposal by Plaintiffs' counsel to submit briefing on their version of the facts to the jury.  The Federal Rules of Evidence do not allow for such a procedure.

In sum, Plaintiffs' declarations and summaries of their declarations constitute inadmissible hearsay, and thus are inadmissible as evidence at trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Colin D. Dougherty* |
| OF COUNSEL: | Frederick P. Santarelli |
|  | Eric J. Bronstein |
|  | John P. Elliott |
| ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C. | Colin D. Dougherty |
|  | Gregory S. Voshell |
|  | Union Meeting Corp. Ctr. |
|  | 925 Harvest Dr., Suite 300 |
|  | Blue Bell, PA 19422 |
|  | (215) 977-1000 |
|  |  |
|  | Laura Skilton Verhoff |
|  | Drew J. Cochrane |
| STAFFORD ROSENBAUM LLP | 222 W. Washington Ave., Suite 900 |
|  | Madison, Wisconsin 53701-1784 |
|  | (608) 256-0226 |
| DATED:  May 6, 2011 | *Counsel for Defendants* |

8