UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AARON ESPENSCHEID,<br>GARY IDLER, and MICHAEL CLAY,<br>on behalf of themselves and a<br>class of employees and/or<br>former employees similarly situated,<br>    Plaintiffs,<br><br>        v.<br><br>DIRECTSAT USA, LLC and<br>UNITEK USA, LLC,<br>    Defendants. | Case No. 09-cv-625 |

**DEFENDANTS' MOTION <u>IN LIMINE</u> TO PRECLUDE PLAINTIFFS
FROM REFERRING TO AND/OR INTRODUCING EVIDENCE
OF OTHER LAWSUITS AGAINST DEFENDANTS**

Defendants DirectSat USA, LLC, and UniTek USA (collectively, "Defendants"), by and through their undersigned attorneys, respectfully move <u>in limine</u> to preclude Plaintiffs and their counsel from referring to in the presence of the jury, and/or introducing evidence at trial regarding, any other lawsuits or claims against Defendants.

**I.      Introduction**

As Defendants anticipate that Plaintiffs and their counsel will attempt to introduce evidence of, or reference, other lawsuits involving Defendants or their current or former affiliates, divisions, owners, executives, managers and/or employees, this Court should preclude plaintiffs and their Counsel from referring to in the presence of the jury, and/or introducing evidence at trial regarding, any other lawsuits involving Defendants, because all such matters are irrelevant and inadmissible under Fed. R. Evid. 401 and 402, are more prejudicial than probative

and otherwise inadmissible under Fed. R. Evid. 403, constitute inadmissible character evidence and otherwise inadmissible under Fed. R. Evid. 404, and constitute inadmissible hearsay under Fed. R. Evid. 801 and 802.

The instant case - <u>Espenscheid v. DirectSat USA, LLC, et al.</u>, No. 09-cv-00625 – is to be tried, and it is the only case set for trial. Nevertheless, Plaintiffs' counsel are aware of and have sought discovery regarding other lawsuits asserting claims for overtime compensation against Defendants and their current or former executives. The existence of other overtime cases (and the combined total number of putative plaintiffs), or the fact that other lawsuits may have been filed against Defendants or their current or former affiliates, divisions, owners, executives, managers and/or employees, is entirely irrelevant to whether Plaintiffs in this case are entitled to overtime compensation.

Any other cases that may have been filed against Defendants amount to unproven and disputed claims that, if necessary, will be litigated at the appropriate time. Further, any probative value of evidence regarding the existence of other lawsuits – and there is none – is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Moreover, any reference to such evidence is a transparent – albeit misguided – attempt to establish purported bad character. Finally, the allegations in other lawsuits are inadmissible hearsay. Therefore, pursuant to Fed. R. Evid. 401, 402, 403, 404, 801 and 802, the Court should grant Defendants' Motion and enter an order precluding Plaintiffs and their counsel from referring to in the presence of the jury, and/or introducing evidence at trial regarding, any other lawsuits involving Defendants or their current or former affiliates, divisions, owners, executives, managers and/or employees.

II.   **Argument**

    A.    Evidence of or References to Other Lawsuits Must be Excluded Under Fed. R. Evid. 401 and 402

Any evidence of or reference regarding other lawsuits must be excluded from trial under Fed. R. Evid. 401 and 402. The Federal Rules of Evidence provide that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, the remaining issues for the jury to decide at trial are limited to: (1) whether Plaintiffs can satisfy their prima facie case; (2) whether Plaintiffs are entitled to overtime compensation; and; (3) if necessary, the extent, if any, of the Plaintiffs' damages. The filing of other lawsuits against Defendants, the size of any putative class in an action against Defendants and the total number of plaintiffs who have opted into the other pending cases neither support nor refute any fact to be decided in this case. The fact that other lawsuits are pending against Defendants does not stand as proof that any plaintiff in any lawsuit is entitled to receive overtime. It demonstrates nothing more than the fact that over the past few years, former and current DirectSat technicians have asserted unproven and disputed claims that, if necessary, will be litigated at the appropriate time. The existence of the other lawsuits and the number of plaintiffs simply is not relevant to whether Plaintiffs in this case, or any other case, are entitled to overtime compensation.

Finally, Plaintiffs cannot establish the relevancy of any other lawsuit that may involve Defendants or their current or former affiliates, divisions, owners, executives, managers and/or employees. The ultimate issues here are whether Plaintiffs in this case, who are former and current DirectSat technicians, can satisfy their prima facie case and, if so, whether they are

entitled to receive overtime compensation for certain work allegedly performed. The existence of other lawsuits, regardless of the subject matter involved in such lawsuits, neither proves nor tends to prove any fact that is of consequence to such determinations. Therefore, the Court should grant Defendants' instant Motion.

### B. Evidence of or References to Other Lawsuits Must be Excluded Under Fed. R. Evid. 403

Any evidence of or reference to other lawsuits also must be excluded from trial under Fed. R. Evid. 403, because the probative value of such evidence – which Defendants maintains is none – is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless accumulation. Fed. R. Evid. 403.

Even if evidence of other lawsuits had probative value, the limited probative value is far outweighed by the danger of unfair prejudice to Defendants. Plaintiffs surely will seek to bolster their claims by pointing to the mere existence of other unresolved and disputed overtime claims asserted by other DirectSat technicians and the number of individuals who have asserted such claims. A jury certainly could misconstrue evidence regarding the existence of other claims as proof that Plaintiffs are entitled to overtime compensation, even though such claims, like the claims in this case, remain unproven. "[T]he existence of other lawsuits is not evidence that any of the claims in those lawsuits are true, and admission of those allegations would be prejudicial." Davis v. Harris, 2006 WL 3513918, *3 (C.D. Ill. Dec. 5, 2006).

Similarly, in the event Plaintiffs' evidence concerns other lawsuits against Defendants, Defendants would be compelled to present evidence with respect to the factual and legal bases for the lawsuits, or the lack of factual and legal bases in the circumstance where the lawsuits were filed against them. All of this certainly would confuse the jury by diverting attention away

from Plaintiffs' allegations and the claims in this case. Allowing such evidence also would result in undue delay and a waste of time. The court in Brennan v. Paul Revere Life Ins. Co., explains: "Even if such evidence is relevant – which the Court seriously doubts – the probative value of using a handful of specific instances that resulted in litigation to prove or illustrate defendants' [liability] is slight." 2002 WL 1284385, *4 (N.D. Ill. June 10, 2002). "That marginal probative value is far outweighed by the unfair prejudice that would result to the defendants from the bare admission of the results of other lawsuits, or the extraordinary confusion of the issue and waste of time that would result if the particulars of those cases had to be aired before the jury." Id. (holding inadmissible other claims that had ended in settlement or judgment) (emphasis added). Rule 403 is designed precisely to avoid these types of circumstances.

C.  **Evidence of Other Lawsuits Constitutes Improper Character Evidence and Must Be Excluded Under Fed. R. Evid. 404**

Plaintiffs will likely attempt to use the existence of other lawsuits for the impermissible purpose of showing Defendants' actions in this case conform with the purported "bad" acts alleged against them in other lawsuits. Such improper character evidence is inadmissible. Under Fed. R. Evid. 404(a), "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Further, Fed. R. Evid. 404(b) provides:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Id.

The Seventh Circuit utilizes a four-part test which combines the Rule 404(b) and Rule 403 analyses. Under this test, the evidence of prior bad acts may only be admitted when:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the [bad act alleged]; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice.

Treece v. Hochstetler, 213 F.3d 360, 363 (7th Cir. 2000).

Plaintiffs cannot demonstrate that any other "bad" act actually occurred as required by the Seventh Circuit test. Id. Any other overtime cases filed against Defendants amount to nothing more than unproven allegations and disputed claims. The claims have not been proven and there has not been a finding that Defendants are liable for any of the asserted claims. Put simply, Plaintiffs have no evidence that a "bad act" actually occurred.

Further, Plaintiffs cannot demonstrate that the purported "other act" evidence is admissible for any purpose other than an improper attempt to disparage Defendants' character. Plaintiffs merely attempt to cast Defendants in a bad light and, with respect to other overtime cases, suggest to jurors that if others allege Defendants violated the FLSA, it must be true. Plaintiffs' evidence of other lawsuits is not probative of any material issue and constitutes improper character evidence.

Finally, any minimal probative value of evidence relating to other lawsuits is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time and needless accumulation. See Fed. R. Evid. 403. Fed. R. Evid. 404 precludes any and all evidence of, and/or reference to, any other

6

lawsuits involving Defendants or their current or former affiliates, divisions, owners, executives, managers and/or employees.

### D. Evidence of Other Lawsuits Is Inadmissible Hearsay

Pursuant to the Federal Rules of Evidence, hearsay, which is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted[,]" is not admissible.  Fed. R. Evid. 801(c) and 802.  "Complaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence."  See T.I. Constr. Co., Inc. v. Kiewit E. Co., 1992 WL 382306, at *4 (E.D. Pa. Dec. 10, 1992).  Because Plaintiffs' purported other lawsuits evidence is hearsay, the Court should preclude Plaintiffs from referring to and/or introducing such evidence at trial.

### III. Conclusion

For all of the foregoing reasons, Defendants DirectSat USA, LLC and Unitek USA, LLC respectfully requests that this Court enter an Order precluding Plaintiffs from referring to in the presence of the jury, and/or introducing evidence at trial regarding, any other lawsuits

Respectfully submitted,

ELLIOTT GREENLEAF  
& SIEDZIKOWSKI, P.C.

/s/ Colin D. Dougherty  
Eric J. Bronstein  
John P. Elliott  
Colin D. Dougherty  
Gregory S. Voshell  
Union Meeting Corp. Ctr.  
925 Harvest Dr., Suite 300  
Blue Bell, PA 19422  
(215) 977-1000  

Counsel for Defendants

DATED:  May 6, 2011

7