UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____
                                                :
AARON ESPENSCHEID,                               :
GARY IDLER, and MICHAEL CLAY,                    :
on behalf of themselves and a                    :
class of employees and/or                        :
former employees similarly situated,             :   Case No. 09-cv-625
       Plaintiffs,                              :
                                                :
    v.                                         :
                                                :
DIRECTSAT USA, LLC and                           :
UNITEK USA, LLC,                                 :
       Defendants.                              :
                                                :
_____

### DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' PROPOSED EXPERT, DR. DAVID LEWIN, FROM TESTIFYING OR OTHERWISE PROFFERING THE OPINIONS AND CALCULATIONS CONTAINED IN HIS PROPOSED EXPERT REPORTS

Defendants DirectSat USA, LLC and UniTek USA, LLC (together, "Defendants"), through the undersigned counsel, submit this Motion to Preclude Plaintiffs' Proposed Expert, Dr. David Lewin, from Testifying or Otherwise Proffering the Opinions and Calculations Contained in His Proposed Expert Reports. Defendants seek to preclude this proposed testimony pursuant to Federal Rules of Civil Procedure 26(a) and 37(c), Federal Rules of Evidence 401, 702, 703, 801, and 802, and the binding guidelines set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

Plaintiffs' proposed expert report is unreliable, based on inadmissible evidence, and prepared by counsel, not the proposed expert. It is inadmissible for numerous reasons, including:

1. As revealed in the recent deposition of Plaintiffs' expert, it was Plaintiffs' counsel -- not Dr. Lewin -- who designed the sample, collected and analyzed the data, and

performed all of the calculations that form the opinions contained in the "expert" report. Their proposed expert, Dr. David Lewin, admitted that he took no part in any of these processes and conceded that he did not even review counsel's process, their data, or their calculations. Plaintiffs' counsel, therefore, and not their expert, "prepared" the report. This violates Rule 26(a)(2)(B), which requires the report be prepared by the expert, not counsel. The violation of this rule requires preclusion under Rule 37(c)(1).

2. Plaintiffs' counsel designed their "sample" and conducted a cloaked "survey" of technicians without any reference to the scientific and technical guideposts demanded by the federal rules and Supreme Court precedent. At his deposition, their expert admitted that Plaintiffs' counsel's sample and survey work is not, and was not even intended, to be scientific. Plaintiffs' unreliable methodology—which is expressly rejected on a routine basis by federal courts across the country—generated intentionally biased and unreliable data that Plaintiffs used to craft an artificially high damages calculation. Plaintiffs' counsel's method and their resultant conclusions (i.e., their calculations and data) are unreliable and inadmissible under the federal rules.

3. Plaintiffs' counsel purports to have crafted an "average" technician without any regard for whether such a process was scientifically valid or consistent with this Court's previous orders. Their use of a so-called "average" technician ignores significant and empirically-undisputed rates of error and the subclasses created by the Court in this matter. Plaintiffs' approach, therefore, is unreliable.

4. Even if one ignores the fact that Plaintiffs' method, survey, sample, and data were the product of unreliable methods of sampling and surveying, Plaintiffs' expert failed to "independently verify" the data and calculations that Plaintiffs' counsel are attempting to pass off as his conclusions. His failure to verify Plaintiffs' calculations and data violates Rules 702 and 703 and renders the entire report unreliable and inadmissible under Daubert.

5. Plaintiffs' proposed "liability" report contains four conclusions, two of which have been mooted by decisions made by this Court and two of which improperly invade the province of the jury. As to the latter two conclusions, Plaintiffs' proposed expert merely weighs a small sample of facts presented to him, and applies his subjective view of the facts to his view of the law. This is a task reserved for the jury or Court and does not constitute "expert" testimony under the Federal Rules. Thus, Plaintiffs' entire liability report is moot, improper, and irrelevant and this Court should preclude it accordingly.

For these reasons and for those set forth in the accompanying Brief and Declaration, which are incorporated herein by reference, the Court should preclude and/or strike Plaintiffs' counsel's proposed expert reports and preclude the testimony of their proposed expert at trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Colin D. Dougherty* |
| OF COUNSEL: | Frederick P. Santarelli |
|  | Eric J. Bronstein |
|  | John P. Elliott |
| ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C. | Colin D. Dougherty |
|  | Gregory S. Voshell |
|  | Union Meeting Corp. Ctr. |
|  | 925 Harvest Dr., Suite 300 |
|  | Blue Bell, PA 19422 |
|  | (215) 977-1000 |
|  |  |
|  | Laura Skilton Verhoff |
|  | Drew J. Cochrane |
| STAFFORD ROSENBAUM LLP | 222 W. Washington Ave., Suite 900 |
|  | Madison, Wisconsin 53701-1784 |
|  | (608) 256-0226 |
|  |  |
| DATED:  May 6, 2011 | *Counsel for Defendants* |