## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

        Plaintiffs,

        v.                          Case No. 09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

        Defendants.

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

NOW COME Plaintiffs Aaron Espenscheid, Gary Idler and Michael Clay, on behalf of themselves and a class of similarly situated employees, by their attorneys Gingras Cates & Luebke and Axley Brynelson, LLP, and submit the following additional proposed jury instructions. Plaintiffs request these jury instructions without waiving their right to amend, supplement, or withdraw all or any portion of these instructions as evidence and the Court's rulings at trial may dictate.

Plaintiff requests that, in addition to the Court's standard instructions, the Court instruct the jury with the following substantive jury instructions:

Table of Contents

1.   Burden Of Proof .................................................................................................. 3

2.   Fair Labor Standards Act .................................................................................... 5

3.   Defendant's State of Mind .................................................................................. 8

4.   Hours Worked Definition ................................................................................... 9

5.   Determining Hours Worked ............................................................................. 11

6.   Overtime Compensation ................................................................................... 12

7.   Workweek Definition ........................................................................................ 13

8.   Continuous Workday ........................................................................................ 14

9.   Portal Act ("integral and indispensable") ...................................................... 15

10.   Suffer or Permit................................................................................................. 16

11.   Representative Evidence ................................................................................... 17

12.   Damages.............................................................................................................. 19

13.   Record Keeping ................................................................................................. 21

14.   Waiver Prohibited ............................................................................................. 22

Respectfully submitted this 19th day of May, 2011.

GINGRAS, CATES & LUEBKE                    AXLEY BRYNELSON, LLP


/s/ Robert J. Gingras                              /s/ Michael J. Modl
Robert J. Gingras                                  Michael J. Modl
Michael Luebke                                     Timothy D. Edwards
Attorneys for Plaintiffs                           Attorneys for Plaintiffs
8150 Excelsior Drive                               2 E. Mifflin St., Ste. 200
Madison, WI  53701-1808                            Madison, WI  53703
(608) 833-2632                                     (608) 257-5661
gingras@gcllawyers.com                             mmodl@axley.com
                                                   tedwards@axley.com

## INSTRUCTIONS

**1.   Burden Of Proof**

In this case, it is the responsibility of the Plaintiff class members to prove every essential part of their claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claim is more ~~likely~~ probably[1] true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

The Plaintiff class members have asserted claims pursuant to both federal and state law. Plaintiff class members claim that they were not paid for all hours that they worked, and that Defendants miscalculated their overtime pay for time spent performing non-productive tasks. These claims are made pursuant to the Federal Labor Standards Act, or FLSA.  Plaintiff class members also seek overtime compensation for uncompensated hours worked over 40 in a workweek in Wisconsin and Pennsylvania, and overtime on the Minnesota state wage and hour claim for hours worked over 48.  Plaintiffs also seek a statutory penalty for Defendants' violation of Minnesota's law requiring employers to keep or maintain accurate time records.  Defendants dispute Plaintiffs' claims.

The "preponderance of the evidence" standard applies to each of the claims.  If the proof fails to establish any essential part of any of the claims by a preponderance of the evidence, you should find for the defendants as to that claim.

[1]Federal Civil Jury Instructions of the Seventh Circuit, Burden of Proof, p. 34 (rev. 2009).

2.    **Fair Labor Standards Act**

This lawsuit arises under the Fair Labor Standards Act or FLSA, the federal law that provides for the payment of time-and-a-half overtime pay for hours worked over 40 in any workweek.  The claim is that the defendants did not pay the Plaintiff class members overtime pay as required by law.

In order to prevail on this claim, Plaintiff class members must prove each of the following facts by a preponderance of the evidence:

First, that the defendants are employers subject to the FLSA;

Second, that the Plaintiff class members were employed by defendants during the time period involved;

Third, that the Plaintiff class members worked over 40 hours in a workweek; and

Fourth, that the defendants failed to pay the Plaintiff class members the overtime pay required by law.

The parties have stipulated to the first fact - that the defendants are employers subject to the FLSA, and you should consider that fact established as well.

The parties have stipulated or agreed to the second fact - that the employees for whom Plaintiff class members seek back wages were employed by the defendants from **[will be different for each/most Plaintiffs]** _____, until _____ - and you should consider it established.

The Wisconsin class members have also asserted a claim under Wisconsin wage payment and overtime laws, Wisconsin Statutes sections 103, 104 and 109.01, et seq., which requires the defendants to pay them time-and-a-half overtime pay for hours worked over 40 in any

workweek.  In order to prevail on this claim, the Plaintiff class members from Wisconsin must prove each of the following facts by a preponderance of the evidence:

1.      Plaintiff class members are current or former technicians who were employed by Defendants between October 13, 2007 to October 13, 2009.

2.      Plaintiff class members performed piece-rate work.

3.      Plaintiff class members were not compensated properly for all overtime hours worked.

The Pennsylvania class members have also asserted a claim under the Pennsylvania wage payment and overtime laws, Pennsylvania Statutes, Title 43, sections 333.104, 231.42, 260.3 and 260.10, which require the defendants to pay them time-and-a-half overtime pay for hours over 40 in any workweek.   In order to prevail on this claim, the Plaintiff class members from Pennsylvania must prove each of the following facts by a preponderance of the evidence:

1.      Plaintiff class members are current or former technicians who were employed by Defendants between February 3, 2007 and February 3, 2010.

2.      Plaintiff class members performed piece-rate work.

3.      Plaintiff class members were not compensated properly for all overtime hours worked.

The Minnesota class members have also asserted a claim under Minnesota wage payment and overtime laws, Minnesota Statutes sections 177.24, et seq., 177.253, et seq., and 177.27, which require the defendants to pay them time-and-a-half overtime pay for hours over 48 in any workweek.  In order to prevail on this claim, the Plaintiff class members from Minnesota must prove each of the following facts by a preponderance of the evidence:

1.      Plaintiff class members are current or former technicians who were employed by Defendants between February 3, 2007 and February 3, 2010.

2.      Plaintiff class members performed piece-rate work.

3.      Plaintiff class members were not compensated properly for all overtime hours worked.

### 3.    Defendant's State of Mind

In considering whether the defendants violated the overtime provisions of the Fair Labor Standards Act or the state laws at issue, you should not consider the defendant's state of mind, beliefs, or knowledge of its obligations under these laws. These factors are not relevant to your determination of liability and should not affect your decision.

**4.   Hours Worked Definition**

Under the FLSA and Wisconsin law, work means all time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business."  In addition, any work "suffered or permitted" is work time even if it is not requested by the employer.  For example, an employee may voluntarily continue to work at the end of the shift.  An employee's reason is "immaterial."  If the employer knows or has reason to believe that employees are continuing to work, the work counts as compensable working time.  This rule also applies to work performed away from the employer's premises or the job site, or even at home.  "In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed."  An employer "cannot sit back and accept the benefits without compensating for them."

An employee's hours worked or his "workday" consists of "the period between the time on any particular workday at which such employee commences their principal activity or activities and the time on any particular workday at which they cease such principal activity or activities." Drive time which occurs during this "workday" is compensable, such as travel from job site to job site.  Waiting time which occurs during the workday is also compensable, unless the employee is "off duty."  An off-duty period is one during which the employee "is completely relieved from duty" and which is long enough for the employee to use the time effectively for his or her own purposes.  Employees are not completely relieved from duty and cannot use the time effectively for their own purposes "unless they are definitely told in advance that they may leave the job and that they will not have to commence work until a definitely specified hour has arrived."

Under Minnesota law, employers are obligated to pay employees for "all hours worked," which includes "training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment."   Hours worked also includes meal periods that are not "bona fide."  "The employee must be completely relieved from duty for the purpose of eating regular meals."

Under Pennsylvania law, "hours worked" includes the "time during which an employe[e] is required by the employer to be on the premises of the employer to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employe[e] during normal working hours and time during which an employe[e] is employed or permitted to work." In addition, under Pennsylvania law, an employer must pay employees who are "required or permitted" to work during lunch breaks.  Moreover, preliminary and postliminary activities which are essential to the employee's employment constitute compensable "hours worked" under Pennsylvania law.

10

**5.    Determining Hours Worked**

You must determine the number of hours worked by Plaintiff class members based on all of the evidence. The plaintiffs bear the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference."  The plaintiffs are not required to prove that they were not compensated for a precise amount of work.  Once the plaintiffs have produced such evidence of uncompensated work, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  The defendant is legally required to maintain accurate records of its employees' hours worked. If you find that the defendant failed to maintain records of the plaintiff class members' hours worked or that the records kept by the defendant are inaccurate, you must accept plaintiff class members' estimate of hours worked, unless you find it to be unreasonable.

**6.   Overtime Compensation**

An employer must pay overtime compensation in any workweeks in which an employee has more than 40 "hours worked," as defined in Instruction No. 5. Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40, or in the case of the Minnesota class members, in excess of 48 hours worked in a workweek.

An employee's "regular rate of pay" is determined by totaling all the compensation that should have been paid to the employee for the workweek, excluding any overtime premium pay and any pay for vacation, holiday, or illness, and then dividing that total by all of the employee's hours worked for that workweek. If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate of pay."

**7.   Workweek Definition**

A "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer. [In this case, the parties have stipulated — that is, they have agreed — that the workweek was from [day of week] at [time] to [day of week] at [time].]

**8.  Continuous Workday**

The continuous workday is the period between the commencement and the completion on the same workday of an employee's principal activity or activities. Any non-work time spent by employees during bona fide meal periods is excluded from the workday and is not compensable.

In general, an employer is required to compensate its employees for their time, beginning when the employee performs the first principal activity of the workday. Pre- and post-shift activities that are work and that are integral and indispensable to the production work performed by employees are considered principal activities. Time spent after the employee engages in the first principal activity and before the employee finishes his or her last principal activity is part of a continuous workday and is compensable under the Fair Labor Standards Act, unless it is otherwise excluded from compensation, as I will explain to you.

While the Fair Labor Standards Act generally requires an employer to pay its employees for all activities, including waiting time, that occur during the continuous work day, when activities occur pre-shift or post-shift, only the time reasonably spent is compensable.

**9.   Portal-to-Portal Act ("integral and indispensable")**

The Portal-to-Portal Act is a part of the Fair Labor Standards Act. It is an exception to the general rule that employers must pay for all work.  The Portal-to-Portal Act says that employers do not have to pay an employee for activities that are preliminary — that is, that occur before the employee performs his or her first principal activity of the day, or for activities that are postliminary — that is, that occur after the employee performs his or her last principal activity of the day.

A principal activity is any work that is both integral and indispensable to the production work for which the employee is employed. Among the activities included as an integral part of a principal activity are those closely related activities which are indispensable to its performance.

Therefore, the Plaintiff class members must prove by a preponderance of the evidence that any pre-shift or post-shift activity that they claim is a first or last principal activity is integral and indispensable to the production work for which the employee is employed. There are three factors to consider in deciding if an activity is integral and indispensable: (1) Whether the activity is required by the employer; (2) Whether the activity is necessary for the employee to perform his duties; and  (3) Whether the activity primarily benefits the employer.

If you find that any of the activities at issue in this case is required by federal laws or regulations, then you must find that the legally-required activity is also necessary for the employees to perform their principal activities, and that the second factor I told you to consider has been established as to the legally-required activity. However, you still must decide the first and third factors - whether the employer requires the activities at issue and whether the employer primarily benefits from the activities at issue.

**10. Suffer or Permit**

When an employer knows or has reason to believe that work under the Fair Labor Standards Act is being performed, it is the responsibility of the employer to compensate employees for such work, even if that work was not specifically requested by the employer to be performed. An employer cannot sit back and accept the benefits of such work without compensating employees for it.  It is the duty of management to exercise control and make sure that work is not performed if it does not want it to be performed.  Even having a rule against performing work is not sufficient for management to avoid responsibility for paying for hours worked that it knew about or had reason to know about; rather, management has the power to enforce such a rule and must make every effort to do so.

**11.  Representative Evidence**

Both parties have presented various types of evidence: video clips, documents, and live or video testimony of technicians, supervisors, experts, and others.  In a class action or collective action, a few employees bring the lawsuit on behalf of themselves and other similarly situated employees.  Not all affected employees need testify in order for the Plaintiff class members to prove the violations of the Fair Labor Standards Act or the laws of Wisconsin, Pennsylvania, and Minnesota, and to be awarded back wages.  Rather, if some employees testify about the activities they did, or the number of hours they spent performing compensable activities, other similarly situated non-testifying employees are deemed to have shown the same thing by inference.  This is called "representative testimony."

There is no bright-line as to the percentage of representative employees necessary; rather, the weight to be accorded the evidence is a function not of its quantity but of its quality— whether the testimony covers similarly situated workers, and is generally consistent.  Factors for you to consider in assessing the weight of the representative testimony include: whether the witnesses who testified worked in similar positions or in similar departments as the non-testifying employees, whether the witnesses shared the same job duties as non-testifying witnesses, whether they were in the same or similar job positions to the non-testifying employees, whether they were subject to the same company policies and procedures, whether the testifying employees performed work activities similarly to non-testifying employees, and whether there was evidence presented that either was consistent with or was inconsistent with the testimony of the testifying witnesses.

17

When an employer fails to maintain proper and accurate payroll records, the employee may prove damages by showing that he has in fact performed work for which he was improperly compensated.   The employee is not required to prove the amount of those damages with precision or exactitude.   Rather, the employee may show the amount and extent of that work as a matter of just and reasonable inference.   Representative testimony may be used to decide the claims of non-testifying employees and thereby arrive at an approximation of damages.

**12. Damages**

If you find that the Plaintiff class members have proven their claim, then you must turn to the question of damages.

The Fair Labor Standards Act requires that an employer maintain adequate and accurate payroll records of all hours worked. If you find that the defendants' records are inaccurate or inadequate, the Plaintiff class members will have carried their burden if they prove that the employees have in fact performed work for which they were improperly compensated and if the Plaintiff class members produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to the defendants to come forward with evidence of the precise amount of uncompensated work performed or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiff class members' evidence. If the defendants fail to produce such evidence, you may then award damages to the Plaintiff class members even though those damages will only be approximate.

If you find that the activities in issue are compensable, any employee who already has received compensation for all those activities is not entitled to recover any damages. If you find that such compensation was not sufficient to cover all of the work at issue, all uncompensated work should be taken into account in calculating damages.

In accordance with the "continuous workday" principle, compensable time begins with the first principal activity of the day and ends with the last principal activity of the day, except for bona fide meal periods or rest breaks when the employees are completely relieved from duty. Thus, at the beginning of the day, damages should be computed from the first principal activity until the start of paid time.  At meal periods, damages should be computed for all periods that the

employees worked but were not paid.  At the end of the day, damages should be computed from the end of paid time until the last principal activity of the day.

If you believe that some of the Plaintiff class members worked hours that were not recorded, then you may determine the number of those hours by any approach that is just and reasonable and award those Plaintiff class members damages based upon those unrecorded hours in addition to the recorded hours.  You may award damages based upon unrecorded hours to all of the Plaintiff class members who have testified before you about unrecorded hours, as long as such an award is just and reasonable.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work. Only if an employee worked more than 40 hours in a week is an employee owed overtime for that week.

An employee's "regular rate" during a particular week is the basis for calculating any overtime pay due for that week.  The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owed for each hour in excess of 40 hours worked during the work week.

**13.  Record Keeping**

Employers are required to keep an accurate record of the hours worked each day and each workweek by each employee. If you find that any employee is entitled to back wages for the time that he or she worked, you must determine whether the employer has kept an accurate record of all of that time. If you find that an accurate record has not been kept, you must find a record keeping violation.

**14.  Waiver Prohibited**

Employees may not waive their rights under the Fair Labor Standards Act. This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action.