# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| **AARON ESPENSCHEID,** : | |
| **GARY IDLER, and MICHAEL CLAY,** : | |
| **on behalf of themselves and a** : | |
| **class of employees and/or** : | |
| **former employees similarly situated,** : | **Case No. 09-cv-625** |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **DIRECTSAT USA, LLC and** : | |
| **UNITEK USA, LLC,** : | |
| **Defendants.** : | |

## DEFENDANTS' PROPOSED *VOIR DIRE*

Defendants DirectSat USA, LLC ("DirectSat") and UniTek USA, LLC ("Unitek") (jointly, "Defendants"), by and through their undersigned counsel, pursuant to this Court's December 4, 2009 Preliminary Pretrial Conference Order, respectfully submit their proposed *voir dire*. Defendants respectfully reserve the right to amend, supplement or modify their proposed *voir dire* questions prior to trial, particularly to the extent Plaintiffs submit a new trial plan, or the Court enters additional Orders (e.g., class decertification) which may impact these issues.[1]

---

[1] The Court has rejected Plaintiffs' initial trial plan as to how Plaintiffs propose to prove a case. The Court has also expressed its inclination to decertify the class and collective action aspect of this case. As of the time of filing these proposed voir dire, Plaintiffs' counsel has not yet submitted a new trial plan in response to the Court's concerns and directives. Any new submission, as well as the issue of class or collective action treatment, could impact the scope of inquiry for the jury panel. For example, the jury will need to be questioned on their knowledge or familiarity with individual members of the class whose rights the jury may be adjudicating if this matter proceeds as a class or collective action.

1.      <u>Statement of the case.</u>

        This is an action filed by Plaintiffs to recover overtime wages that they claim Defendants owe them.   Plaintiffs are installation and service technicians for Defendants.   They are responsible for installing, upgrading, and servicing DirecTV equipment.   For the most part, they work alone in the field, going to customers' homes and properties to perform installations and services.   They record their time and activities on time sheets, which they submit to the payroll department.

        Plaintiffs contend that they worked more time than what they recorded on their timesheets.   They claim that had they recorded all of their time, they would have been owed overtime if and to the extent the extra time exceeded 40 hours.   Plaintiffs contend they did not record all of their time for certain activities, because DirectSat prevented them from doing so and would not permit any overtime.   Defendants deny these allegations.   Among other things, Defendants contend that Plaintiffs did not perform many of the alleged tasks; that they were permitted to record all time worked on their timesheets; that they were paid for all time actually worked; and that, in any event, Plaintiffs did not work "overtime" hours for which they have not already been paid.   There are other issues in this case, but that is essentially the basic claims and defenses of the parties.

        a.      Has any one of you ever heard of this case before today?

        b.      How?

        c.      When?

        d.      What did you hear?

        e.      When you heard about it, did you form any opinion concerning the case?

        f.      Do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard about the case?

2.      The trial of this case will begin on Monday, June 6, 2011 and will last ten days.  Is there any one of you who would be unable to serve as a juror during this time?

3.      The following is a list of counsel in this case.  We ask that you please raise your hand if you know or have (had) any business or relationships with these people, their partners, associates or law firms.

    Robert J. Gingras, Esquire
    Michael J. Luebke, Esquire
    Eric J. Haag, Esquire
    Paul Kinne, Esquire
    Heath P. Straka, Esquire
    The Law Firm of Gingras, Cates & Luebke

    Michael J. Modl, Esquire
    Timothy D. Edwards, Esquire
    The Law Firm of Axley Brynelson, LLP

    Laura Skilton Verhoff
    Drew Cochrane, Esquire
    The Law Firm of Stafford Rosenbaum LLP

    Frederick P. Santarelli, Esquire
    Eric J. Bronstein, Esquire
    John P. Elliott, Esquire
    Colin D. Dougherty, Esquire
    Gregory S. Voshell, Esquire
    The Law Firm of Elliott Greenleaf & Siedzikowski, P.C.

4.      The following is a list of the parties in this case.  We ask that you please raise your hand if you know or have any business or relationships with these people or companies.  Unitek, which is an affiliate company of DirectSat.  DirectSat is in the business of providing services to DirecTV and its customers who buy DirectTV services.  Unitek and DirectSat are the defendants in the case.

I will provide you a list of the Plaintiffs in the case.  [If class/collective action, hand-out list and request jurors to check off persons they know or may know] [If not a class, identify:  Aaron Espensheid, Gary Idler, Michael Clay].

    a.      Does anyone know any of the parties?

    b.      How do you know this person?

    c.      Will your prior knowledge of this person affect in any way your ability to be a fair and impartial juror?

    d.      Is anyone on the panel a stockholder of Unitek Global Services, Inc.?

    e.      Does anyone have or has anyone had business dealings with Unitek?   With DirectSat?  With DirecTV?

    f.      Do you have any feelings about DirectSat or Unitek or had any experiences or disputes with it, its products or its services that would prevent you from being a fair and impartial juror?

    g.      Are you a subscriber to DirecTV?  Do you have any feelings about the services when DirecTV was installed, or when you had service at your home or property?

5.      To <u>each prospective juror</u>, please stand up and tell us the following about yourself:

    a.      Name, age, and city or town of residence.

    b.      Marital status and number of children, if any.

    c.      Current occupation (former, if retired).

- Do you either work or have you ever worked for or applied for a job with DirectSat or Unitek?

- Do you have any friends or relatives who work for DirectSat or Unitek?

- Do you supervise any employees in your current (or former) position?

- Have you, any member of your family, or a close friend ever had any responsibility for hiring, promoting or firing of others?

- Have you ever worked in a job where you had to record your own hours worked?  Or, where you had to submit your own timesheets to payroll?

- Have you ever worked in a job where you were paid "piece rate?"

- Do you know, from any source, whether your own experiences or from someone else who had experience, what it means to be paid "piece rate?"

- Do you have any favorable or unfavorable feelings about being paid "piece rate?"

- Have you ever worked in the cable or satellite television industry?

- Do you, or any family member, have any training or work experience, including schooling or part time jobs, related to the cable or satellite television industry?

- Have you or any member of your family ever been an hourly employee? If the answer is yes, were you or your family member always paid for all of the hours and minutes that you were required to work?

- Have you or a member of your family ever owned or managed a for profit business that employed hourly workers?

- Have you ever been dissatisfied with the conditions of your employment?

- Have you ever been involved in an employment dispute? Have you ever filed a grievance with an employer? If yes, under what circumstances? What actions, if any, were taken? What results?

- Have you or a member of your family ever been discharged, not promoted, or demoted from a job?

d.     Current (or former) occupation of your spouse or domestic partner?

e.     Current (or former) business owner who employed others?

f.     Self-employed? Number of employees?

g.     Any military service, including branch, rank and approximate date of discharge.

h.     How far you went in school and major areas of study, if any.

i.     Memberships in any groups or organizations.

- Are you or have you ever been a member of a labor union?

- Is your spouse or any family member a member of a labor union? Have they ever been?

- Do (did) you, or does (did) your spouse or any member of your family belong to any civic or political groups?

j.     Currently or formerly employed in handling payroll for employer?

k.     Currently or formerly employed in handling human resources or personnel department complaints for an employer?

5

      l.       Hobbies and leisure-time activities.

      m.      Favorite type of reading materials.

      n.      Favorite type of television shows.

6.     To the <u>panel</u>, please stand up and tell us the following regarding your prior experience with court proceedings:

      a.      Have any of you ever been a party to a lawsuit?  Please describe the circumstances.

      b.      Have you ever been a member of any class action lawsuit?  Please describe the circumstances.

      c.      Have any of you ever been a witness in a lawsuit?

      d.      How many of you have served previously on a jury?

      e.      Of those of you who have sat on a jury, were you ever the foreperson on a jury?  Please describe your experience.

      f.      Of those of you who have sat on a jury, did you deliberate on the decision, as opposed to being an alternate who was excused before deliberating?

      g.      Of those of you who have sat on a jury, and deliberated on the decision, did the jury reach a verdict, as opposed to being deadlocked?

      h.      Do any of you know any of the other persons on the jury panel?

7.     Question to <u>panel</u>.  At the end of the case, I will give you instructions that will govern your deliberations.  You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow the instructions?

8.     Question to the <u>panel</u>.  Is there anyone here who cannot agree with the legal principle, as I will later instruct you, that in this case the burden of proof is upon the plaintiffs, not upon the defendants?

9.     Question to <u>panel</u>.  Do any of you have opinions, whether positive or negative, about people who go to court to obtain relief for wrongs they believe they have suffered?

10.    Question to <u>panel</u>.  Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

11.     Question to the <u>panel</u>.  Some people believe that just because a lawsuit is filed, the defendant is responsible to pay money damages for something.  Is there anyone here who believes it is more likely that a defendant, like DirectSat or Unitek, is liable for something simply because the defendant is sued?

12.     Question to the <u>panel</u>.  Do you think that most large corporations are inconsiderate of their employees?

13.     Question to the <u>panel</u>.  Do you think there is a tendency for an individual to have an advantage in the case of an individual suing a corporation?

14.     Question to the <u>panel</u>.  As a juror in a lawsuit brought by an individual person against a corporation, are you more likely to render a verdict in favor of the individual, rather than in favor of the corporation?

15.     Question to the <u>panel</u>.  Do you think you would have a tendency to award an individual person damages, just because a corporation might be able to afford to pay them?

16.     Question to the <u>panel</u>.  Under the law, individuals and corporations are equal, and the same law applies to both.  Will you follow this instruction and judge all the parties according to the same legal standards?

17.     Question to the <u>panel</u>:  Do you think that a role of juries is to send messages to corporations to improve their behavior?

18.     Question to the <u>panel</u>.  Do you feel that you might be more likely to agree with the Plaintiffs in this case, simply because this is a class action involving many people suing at the same time?

19.     Question to the <u>panel</u>.  As one last question, I would like to know if there is anything, any reason at all, either personal or private, that makes you feel that you would not like to serve on the jury for this case, or cannot be fair and impartial in your duty as a juror.  You may raise your hand, and we will discuss your reason in private, if you so desire.

Respectfully submitted,

*/s/ Colin D. Dougherty*

OF COUNSEL:

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

Frederick P. Santarelli
Eric J. Bronstein
John P. Elliott
Colin D. Dougherty
Gregory S. Voshell
Union Meeting Corp. Ctr.
925 Harvest Dr., Suite 300
Blue Bell, PA 19422
(215) 977-1000

Laura Skilton Verhoff
Drew J. Cochrane
STAFFORD ROSENBAUM LLP                          222 W. Washington Ave., Suite 900
Madison, Wisconsin 53701-1784
(608) 256-0226

DATED:  May 19, 2011                            *Counsel for Defendants*