THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

AARON ESPENSCHEID,
GARY IDLER, and
MICHAEL CLAY,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

                       Plaintiffs,

v.                                              Case No.  09-cv-625

DIRECTSAT USA, LLC,
and
UNITEK USA, LLC,

                       Defendants.

_____

## PLAINTIFFS' MOTION TO STAY
_____

      Plaintiffs Aaron L. Espenscheid, Gary Idler and Michael Clay, individually and on behalf of similarly situated current and former employees of Defendants DirectSat, USA, LLC and UniTek USA, LLC, by Gingras, Cates & Luebke, and Axley Brynelson, LLP, hereby move the Court to Stay the individual trials of the above-named plaintiffs until the August trial date (if that date is still available).  This motion is based on Rule 23(f), Fed. R. Civ. P., 28 U.S.C. § 1292(b), and the following grounds:

**I.**      **ARGUMENT.**

      In its May 23, 2011 Order, the Court decertified both the FLSA collective action classes and the Rule 23 state law classes.  If these decisions are not promptly reviewed, the Court's Order signals the "death knell" of this litigation.  <u>Blair v. Equifax Check</u>

Services, Inc.  181 F.3d 832, 834 (7th Cir. 1999).  In short order, Plaintiffs will file a motion asking this Court to certify legal issues related to the Court's decertification order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Plaintiffs will also be filing a Petition for Permission to Appeal this Court's decertification of the Rule 23 classes with the Seventh Circuit Court of Appeals pursuant to Rule 23(f), Fed. R. Civ. P. Plaintiffs will be filing both petitions prior to the June 6, 2011 trial date.  It is unlikely that Plaintiffs will have a decision from this Court and/or the Seventh Circuit prior to June 6, 2011.  Therefore, the most efficient procedure would be to stay the current trial until the August trial dates set forth in the scheduling order.

For purposes of Rule 23(f), the Seventh Circuit Court of Appeals has explained that "[a] stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." Blair v. Equifax Check Servs., Inc., 181 F.3d 832 (7th Cir.1999). The same court further explained that "[t]his is the same kind of question that a court asks when deciding whether to issue a preliminary injunction or a stay of an administrative decision." Id. (citing Illinois Bell Telephone Co. v. WorldCom Technologies, Inc., 157 F.3d 500 (7th Cir.1998); American Hospital Supply Corp. v. Hospital Products Ltd., 780 F.2d 589, 593-94 (7th Cir.1986)).  Thus, a court's decision whether to issue a stay pending appeal is a discretionary one, informed by the following factors:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770,

776 (1987); <u>Arreola v. Godinez</u>, 546 F.3d 788, 793-94 (7th Cir. 2008)(granting a stay to an individual, named plaintiff after a district court order decertifying the class that the particular plaintiff sought to represent).

Staying these proceedings, particularly the trial of the three named plaintiffs, would be a much more efficient use of the Court's and the parties' resources, both as to time and money.  The purposes of Section 216(b) actions under the FLSA are two-fold: (1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct. <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1264-65 (11th Cir. 2008); citing <u>Hoffmann-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 170, (1989) (noting a collective action affords plaintiffs the "advantage of lower individual costs to vindicate rights by the pooling of resources" and "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact").

In this case, the three named plaintiffs have pursued this case as class representatives, not as individuals.  If their individual trials go forward on June 6, it is highly unlikely that Plaintiffs' request for interlocutory review will have been decided by this Court and the Seventh Circuit.  The three individual claims will therefore come to a conclusion before this Court's decertification order has been fully adjudicated. Regardless of whether the three named plaintiffs win or lose their individual trials, if the Seventh Circuit reverses this Court's decertification order, the three named plaintiffs will no longer be able to act as representatives of the class once the case is remanded.  This Court's decertification order sounded the death knell of this litigation, and, as such, it is

likely that the Seventh Circuit will grant review of the decision pursuant to Rule 23(f). Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir.1999).

There are a number of reasons that support a stay, and this Court should consider the factors in a flexible manner, consistent with the procedural history of this case. In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C.2002). Plaintiffs have, and will, continue to make a strong showing that they are likely to succeed on the merits of this appeal. Given the extraordinary resources invested in this case, and the timing of this Court's decertification decision, the Seventh Circuit should be given an opportunity to determine, among other things, whether this Court's subclasses satisfied the implicit requirements of Rule 23 and whether it was proper to require Plaintiffs to objectively establish the liability of each class member as a prerequisite to class membership. Without a stay, Plaintiffs could be irreparably harmed because the uncertainty surrounding the status of each class will preclude class members from making informed decisions regarding their individual claims until each appeal is conclusively resolved. In contrast, Defendants will suffer no cognizable harm and the clearly settled public policies that underscore our state and federal wage and hour laws will be advanced by a final resolution of these related questions of certification.

For these reasons, and those referenced below, Plaintiffs would respectfully submit that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting. Plaintiffs – technicians from across the country—are entitled to a fair review of this Court's certification order before making further decisions with respect to their claims.

**A.      Plaintiffs Have Made A Strong Showing That They Are Likely To Succeed On The Merits Of This Appeal.**

In previous submissions, Plaintiffs have identified a number of substantive arguments that are likely to succeed on appeal. (Dckt. # 619, 641).  These submissions, which are incorporated herein, advance the following arguments, among others:  (1)  the Court impermissibly confused liability with certification by constructing subclasses that were not objective or ascertainable, (2)  the Court's "fail-safe" subclasses impermissibly required precedent showings of liability as a prerequisite to class membership, (3) the Court impermissibly placed the burden on Plaintiffs to create an objective metrix for the class definitions without allowing Plaintiffs to employ representative proof, (4) the Court incorrectly concluded that expert testimony was required for Plaintiffs to prove damage despite the holding of <u>Mt. Clemens</u> and its progeny, (5) the Court elevated alleged "individualized differences" over common, predominant national policies that justified collective treatment of Plaintiffs' claims, (6) the Court incorrectly concluded that Plaintiffs' "ignored" the proposed subclasses when, in truth, Plaintiffs' Amended Trial Plan addressed said plan directly, and (7) the Court failed to consider or apply well-settled precedent that prohibits a Defendant from benefitting from its own failure to keep and maintain necessary records in violation of State and Federal Law.

Viewed in isolation, or collectively, Plaintiffs have identified a number of substantive arguments that are likely to succeed before the Seventh Circuit Court of Appeals. Plaintiffs are entitled to their day in Court with respect to these critical, legal questions.  Accordingly, Plaintiffs would request a stay of these proceedings until the August trial date pursuant to Rule 23(f), Fed. R. Civ. P. and 28 U.S.C. § 1292(b).

**B.      The Technicians Will Be Irreparably Injured Without a Stay.**

Without a stay, the named representatives will be irreparably injured because they would be forced to proceed with their individual claims and forfeit the substantial benefits from class treatment.  The remaining class members may be adversely impacted if the class representatives proceed to trial and do not prevail.  In contrast, Defendants will not be harmed by a stay, which will provide for the most efficient resolution of the appeals and any resulting individual or class-wide litigation.

**C.      The Public Interest Supports A Stay.**

As noted above, public policy favors the collective action for similarly situated employees who are aggrieved by widespread violations of the FLSA.  To require class members to pursue individual claims without a full and final adjudication of these critical certification issues would undermine the strong public policy that favors collective, rather than individual, adjudication of state and federal wage and hour claims.    Finally, concerns regarding judicial economy support a stay.   It will be far more expensive to pursue these claims on an individual basis.  Moreover, the jury instructions, verdict forms, deposition designations, exhibits/objections to exhibits, and motions in limine pending before the Court were submitted under the assumption that this case would go forward on a collective basis.  By providing additional time to deal with these issues, and postponing the trial of the individual class representatives until August pending this stay, the parties and the Court will be in a much stronger position to effectively try these remaining claims.

**II.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court enter a stay of these proceedings until the August trial date, if that date is still available.

Respectfully submitted this 26th day of May, 2011.

GINGRAS, CATES & LUEBKE                    AXLEY BRYNELSON, LLP


/s/_____          /s/ Timothy D. Edwards_____
Robert J. Gingras                          Michael J. Modl
Michael Luebke                             Timothy D. Edwards
Attorneys for Plaintiffs                   Attorneys for Plaintiffs
8150 Excelsior Drive                       2 E. Mifflin St., Ste. 200
Madison, WI  53701-1808                    Madison, WI  53703
(608) 833-2632                             (608) 257-5661
gingras@gcllawyers.com                     mmodl@axley.com
luebke@gcllawyers.com                      tedwards@axley.com