IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON L. ESPENSCHEID,
GARY IDLER and MICHAEL CLAY,
on behalf of themselves and a class of
employees and/or former employees
similarly situated,                                                                    ORDER

                                                                                                                                             09-cv-625-bbc

                                Plaintiffs,

        v.

DIRECTSAT USA, LLC and
UNITEK USA, LLC,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs filed this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and a class action under the wage and overtime compensation laws of Wisconsin, Minnesota and Pennsylvania. Trial was scheduled to begin on June 6, 2011. However, on May 23, 2011, I concluded that plaintiffs' proposed trial plan, as well as the evidence that had developed in the case, showed that the case was not fit for adjudication as a collective and class action. I decertified the case as a collective and class action, dismissed the claims of the opt-in plaintiffs and class members without prejudice

1

and asked plaintiffs whether they were prepared to proceed to trial with the individual claims of the three named plaintiffs.

Plaintiffs responded with a motion to stay the case, dkt. #652, and continue the trial of the three plaintiffs so that they can seek permission to file an interlocutory appeal to the Court of Appeals for the Seventh Circuit. As I explained at a May 26, 2011 telephone conference with counsel for both sides, I will grant the motion.

DISCUSSION

Under Fed. R. Civ. P. 23(f), the court of appeals "may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." In addition, the court of appeals may permit an interlocutory appeal of the order decertifying an FLSA collective action if the district court certifies the decertification decision under 28 U.S.C. § 1292(b). Under that statute, a district court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Under both Rule 23(f) and § 1292(b), an interlocutory appeal does not stay proceedings in the district court unless the district judge or the court of appeals orders a stay.

2

As an initial matter, I will amend the May 23 order to certify an interlocutory review under § 1292(b) of my decision decertifying the collective action. The decertification order involves a controlling question of law and plaintiffs have pointed to other courts that have denied motions to decertify similar class and collective actions. In addition, a decision from the court of appeals on the decertification issue may materially advance the ultimate termination of the litigation. If the court of appeals upholds the decertification decision, the parties can proceed to trial on plaintiffs' individual claims without worrying about the effect the trial will have on the claims of the former class members and opt-in plaintiffs. For example, if the named plaintiffs' claims are resolved at a trial before the court of appeals issues a decision on decertification, the named plaintiffs could no longer act as representatives of the class. Likewise, if the court of appeals reverses the decertification decision, the parties can proceed to trial with the class and collective action. Therefore, it makes good sense to certify the decision for interlocutory review.

The next question is whether the case should be stayed until the court of appeals decides whether to permit the interlocutory appeals. At the May 26, 2011 telephone conference, I concluded that a stay is appropriate under the circumstances. In determining whether to grant a stay, I considered

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

3

> other parties interested in the proceeding; and (4) where the public interest lies.

<u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). As I explained at the telephone conference, although it may be unlikely that the court of appeals will conclude that this case is fit for adjudication as a collective and class action, plaintiffs have shown that the former class members and opt-in plaintiffs may be irreparably harmed without a stay. In addition, defendants did not contend that they will suffer harm from a stay. Finally, concerns regarding judicial economy favor a stay. Because this case was decertified on the eve of trial, the parties' trial plans, exhibits, verdict forms and instructions were submitted under the assumption that the case would go forward on a collective basis. Additional time will allow the parties to regroup and be in a stronger position to try plaintiffs' individual claims if necessary. Thus, the case will be stayed until the court of appeals issues a decision on whether to permit plaintiffs' interlocutory appeals. I have tentatively rescheduled the trial in this case for September 6, 2011.

ORDER

IT IS ORDERED that

1. The order dated May 23, 2011, dkt. #643, is AMENDED to certify the court's decision decertifying the nationwide FLSA collective action for interlocutory review.

2. This case is STAYED until the Court of Appeals for the Seventh Circuit decides whether to permit plaintiffs' interlocutory appeals.

3. The trial in this case is rescheduled for September 6, 2011.

Entered this 27th day of May, 2011.

                                   BY THE COURT:
                                   /s/
                                   BARBARA B. CRABB
                                   District Judge