IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON L. ESPENSCHEID,
GARY IDLER and MICHAEL CLAY,
on behalf of themselves and a class of
employees and/or former employees
similarly situated,                                                                    ORDER

                                                                                               09-cv-625-bbc

                       Plaintiffs,

      v.

DIRECTSAT USA, LLC and
UNITEK USA, LLC,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs filed this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and a class action under the wage and overtime compensation laws of Wisconsin, Minnesota and Pennsylvania. However, on May 23, 2011, I decertified the case as a collective and class action, dismissing the claims of the opt-in plaintiffs and class members without prejudice. On May 27, I granted plaintiffs' motion to stay the case so that they could seek permission to file an interlocutory appeal to the Court of Appeals for the Seventh Circuit.

1

Now before the court is plaintiffs' motion for clarification of the May 23 and 27 orders. Plaintiffs want to know whether the orders tolled the statute of limitations for the individual claims of the former class members and opt-in plaintiffs. Dkt. #662. To the extent that the orders did not toll the statute of limitations, plaintiffs ask that the court lift the stay and grant plaintiffs' motion to toll the statute of limitations for the duration of the appellate process. Plaintiffs contend that clarification is necessary in order to inform the former class members and opt-in plaintiffs of the status of their potential individual claims.

Plaintiffs' motion for clarification will be granted to make it clear that the orders did *not* toll the statute of limitations as to the individual claims of the former class members. However, their motion for a lifting of the stay to grant their motion for tolling will be denied. As an initial matter, any motion to toll the statute of limitations is premature. The Court of Appeals for the Seventh Circuit has not determined whether to allow plaintiffs' interlocutory appeal. If the court of appeals grants permission to plaintiffs and reverses this court's decision on decertification, tolling will be unnecessary. If the court of appeals affirms the court's decertification decision, the issue of tolling will be relevant only for those class members who choose to file individual lawsuits. It would be inappropriate for this court to enter a broad order concerning tolling at this stage because the issue of tolling should be addressed by the courts in which those individuals file their lawsuits. In that respect, I agree with the reasoning of the courts in <u>Puffer v. Allstate Insurance Co.</u>, 614 F. Supp. 2d 905,

2

917 (N.D. Ill. 2009) (holding that tolling analysis is "fact-specific" and making "blanket tolling order" is inappropriate); Radmanovich v. Combined Insurance Co. of America, 271 F. Supp. 2d 1075, 1079 (N.D. Ill. 2003) (holding that determinations of tolling must be made on case-by-case basis "if and when" individual files lawsuit). In sum, plaintiffs are seeking tolling for the benefit of an unknown group of potential plaintiffs who may, in the future, choose to file individual actions, and whose claims may be adversely affected by the normal running of the limitations periods. Under such circumstances, I cannot determine whether tolling would be appropriate. Thus, plaintiffs must notify former class members and opt-in plaintiffs that this case has been decertified and that the statute of limitations on their ability to file suit is running.

Moreover, even if I thought it appropriate to determine whether the decertification order tolled the statute of limitations, I would deny plaintiffs' motion to toll the statute of limitations because neither Fed. R. Civ. P. 23 nor the FLSA provides any support for the tolling requested by plaintiffs. With respect to the Rule 23 classes, the unnamed class members were protected by the tolling of the statute of limitations during the time the class certification was awaiting decision and until the class was decertified. Plaintiffs contend that the statute of limitations continues to toll during the pendency of their interlocutory appeal. However, the Court of Appeals for the Seventh Circuit has explained that the tolling period "ends as soon as the district court declines to certify the case as a class action . . . [and] that

3

time begins immediately, rather than after final judgment or decision on appeal." Hemenway v. Peabody Coal Co., 159 F.3d 255, 265-66 (7th Cir. 1998) (citing Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1384 (11th Cir. 1998)). See also In re Copper Market Antitrust Litigation, 300 F. Supp. 2d 805, 810 (W.D. Wis. 2003) ("[T]he overwhelming authority on this issue holds that tolling stops once a court denies certification.").

I am not persuaded by plaintiffs' argument that Hemenway is no longer good law in light of the passage of Fed. R. Civ. P. 23(f). Rule 23(f) permits a litigant to seek permission to file an interlocutory appeal of class certification decisions. It does not guarantee a right to appeal and it says nothing about tolling. Moreover, since the passage of Rule 23(f) in 1998, the court of appeals has confirmed that the statute of limitations "resumes running for the class members" as soon as a "suit is dismissed without prejudice or when class certification is denied." Culver v. City of Milwaukee, 277 F.3d 908, 914 (7th Cir. 2002); see also Randall v. Rolls-Royce Corp., 2010 WL 1948222, *5 (S.D. Ind. May 13, 2010) (denying motion to toll statute of limitations during appeal of court's denial of class certification). In sum, plaintiffs have not shown that their claims are tolled by operation of Rule 23.

With respect to the FLSA collective action, there is no language in the FLSA that provides for tolling the claims of former opt-in plaintiffs following decertification of a

4

collective action. 29 U.S.C. §§ 216(b), 256. Recognizing this, plaintiffs contend that the court should "equitably toll" the statute of limitations during the pendency of their interlocutory appeal, citing cases in which district courts have equitably tolled the statute of limitations, often with little or no discussion. E.g., Proctor v. Allsups Convenience Stores, Inc., 250 F.R.D. 278, 284 (N.D. Tex. 2008); Reed v. County of Orange, 266 F.R.D. 446, 464 (C.D. Cal. 2010).

However, the court of appeals has explained that equitable tolling applies only in extraordinary situations where "despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim." Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010) (quoting Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005)); Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 553 (7th Cir. 1996) ("Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint."). Because plaintiffs are seeking to toll the statute of limitations, they bear the burden of establishing that they have acted diligently but have been prevented from asserting their rights through no fault of their own. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990).

Plaintiffs have not met this burden. In particular, they have presented no evidence that any former class member who has exercised due diligence will be barred from filing suit

5

because he or she has been unable to "obtain the information necessary to realize that he [or she] may possibly have a claim." Jones, 613 F.3d at 670. Accordingly, plaintiffs' motion to toll the statute of limitations will be denied.

ORDER

IT IS ORDERED that plaintiffs' motion for clarification and tolling of the statute of limitations, dkt. #662, is DENIED. Plaintiffs' counsel is directed to notify the former class members and opt-in plaintiffs of the May 23, 2011 order decertifying the class and collective action, including a warning that the statute of limitations on their ability to file suit has resumed running.

Entered this 7th day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6